NEW YORK, TEXAS & MEXICAN RAILWAY COMPANY ET AL. V.
JAMES GALLAHER.

No. 3064.

1. **Pleading—Petition.**—Allegations in the petition must be of facts and not conclusions of law.   See example subject to objections.

2. **Unjust Discrimination in Freight Rates — Like.** — In order to create an unjust discrimination in a railway company in shipment of freights it is necessary that the quantities carried shall be *like*, not that they shall be *the same*.   One car load of lumber is like another.

3. **Same.**—The allegations in the petition, and which were sufficient, were that the defendant company had charged plaintiff 12½ cents per 100 pounds freight for a car load of lumber from Houston to Wharton, Texas, while it charged one McCoy but 8 cents per 100 pounds for a car load of lumber at or about the same date.

4. **Irrelevancy of a Letter.**—A letter written by the general freight manager of the defendant company to the plaintiff containing some matters clearly irrelevant, but in some things pertinent, was objected to because wholly irrelevant.   *Held*, if any part of the writing was relevant the whole was properly admitted.   In order to exclude the irrelevant parts they should have been pointed out by exceptions.   See matters held pertinent to the issues.

5. **Discrimination.** — The statute, Revised Statutes, article 4258b, section 7, was not intended to prevent railways from changing their rates, but to compel them to treat all shippers alike.   It was relevant to show that between the dates involved in the investigation covering the two shipments there had been no change made in rates by the defendant company.

6. **Secondary Evidence.**—Upon notice to the defendants to produce the *expense bill* delivered by it to a shipper a copy was produced and filed.   The copy was introduced in evidence by the plaintiff.   The defendants objected to the testimony because secondary and no predicate made.   It seems that the paper was properly admitted; but inasmuch as the same facts were fully proved otherwise the action of the court was not material to the rights of the parties.

7. **Like Quantity—Unjust.**—The court charged the jury: "If you believe from the testimony that defendants charged and collected from plaintiff a greater rate of toll or compensation for a shipment of freight over their roads from Houston to Wharton than they charged Allen McCoy for a like quantity of freight of the same class from the same point to the same point and in the same direction, and that such charge was unjust and willfully made, then such charge would be unlawful."   The charge was objected to.   *Held:*

1.   As to the objection that the petition did not allege that a like quantity of freight was carried for the plaintiff and McCoy, it was pleaded and proved that the freight shipped for each was "one car load of lumber."   This was a like quantity.

2.   No injury could result to the defendants by the failure to define the word *unjust*. It might have been omitted.   Its use was rather to confuse the jury to the injury of plaintiff.

8. **Lumber.** — Plaintiff's car load of lumber consisted of plank dressed upon one side and some scantling.   McCoy's was the same class of lumber, the only difference being that his lumber had been prepared for making troughs, and the plank was beveled on the edge.   The fact that this was called "knock down troughs" made no difference, and no substantial difference appears between the two car loads.

9. **Verdict.**—A verdict in favor of one party is always taken to be a verdict against the other.   It is unusual in an ordinary case to name or mention the party against whom the verdict is found.

**10. Testimony Sufficient.** — See testimony held sufficient to sustain a verdict against the defendants for the statutory penalty for unjust discrimination in freights.

APPEAL from Wharton.     Tried below before Hon. Wm. H. Burkhart.

This suit was instituted by James Gallaher, plaintiff, against the New York, Texas & Mexican Railway Company and the Southern Pacific Company, defendants, on the 24th day of March, 1888, charging defendants with having unlawfully discriminated against said Gallaher in charging and collecting from him the sum of $12\frac{1}{2}$ cents per 100 pounds on a car load of lumber shipped by plaintiff over their roads on the 12th day of December, 1887, from Houston, in Harris County, Texas, to Wharton, in Wharton County, Texas, whereas they charged and collected from one Allen McCoy for a car load of lumber shipped over the same roads on the 8th day of December, 1887, from said Houston to said Wharton, the sum of only 8 cents per 100 pounds.  There were three trials of the case, two of which resulted in verdict and judgment for the plaintiff for the amount sued for, $500.  Each time a new trial was granted by the court, and the case was continued until at the October Term, 1890, when the third trial was had, resulting also in a verdict and judgment for plaintiff for $500.  Defendants presented their motion for new trial, which was overruled by the court, and both defendants appealed.

Other matters are given in the opinion.

*G. G. Kelley* and *Peareson & Ballowe,* for appellants.— 1.  Defendants excepted to plaintiff's first amended original petition on the ground that the allegation therein contained [see opinion] was argumentative and hypothetical, and was not a statement of facts on which plaintiff relied for recovery, and was contrary to the established rules of pleading; which was overruled.     Rule 2 for Dist. Cts.

2.     This suit was evidently brought under the first clause of that section of article 4258b which is headed "discriminating rates."     The words "of the like quantity" contained in this clause were clearly intended to apply to the entire shipment in the aggregate, and not to an equal number of pounds in detail, because if the latter meanings were intended these words "of the like quantity" would be superfluous, as the sense would be clear and the sentence complete with these words omitted.     Rev. Stats., art. 4258b, subdiv. 7;  Whitlock v. Castro, 22 Texas, 110;  Hutch. on Car., sec. 302, note 1.

3.     Secondary evidence of the contents of an instrument is not admissible unless due diligence is shown to procure the original.     Mugge v. Adams, 76 Texas, 448.

4.     The court erred in submitting to the jury the fourth special charge asked by plaintiff.     [See opinion.]     Rev. Stats., art. 4258b;  Woodhouse v. Railway, 67 Texas, 419.

5.   There is nothing in our statutes prohibiting a railway company from making a special rate to cover a class of freight not laid down in the regular tariff and which has never been shipped over its road before the time at which the company is applied to for the rate on this special shipment.

6.   If the general freight agent gave a special rate on something not provided for in the tariff of charges, and was not intended solely for the benefit of the party making this particular shipment but for all persons having like shipments to make, this would not be discrimination.   Woodhouse v. Railway, 67 Texas, 419; Railway v. Rust, 58 Texas, 99; Rev. Stats., art. 4258b, subdiv. 7.

7.   Not every discrimination in freight rates is unlawful within the meaning of the statutes, but only such as are both unjust and willful.   If a railway company should give a lower rate to a shipper solely with a view to deriving a mutual benefit or advantage from said shipment, or any other motive than that of favoring him which would operate to the injury of others, this discrimination would not be willful.   Furthermore, if the company make a special rate to cover a class of freight which they are informed and believe is of a different kind from any before offered to them and for which there is no classification, they could not be held to unlawful discrimination because it afterwards developed that other persons had shipped the same class over their roads, but mixed with other freight of the ordinary kind, and more especially when those persons had never applied for a special rate on this special class of freight.   Rev. Stats., art. 4258b, subdiv. 7; Railway v. Rust, 58 Texas, 99; Woodhouse v. Railway, 67 Texas, 418.

8.   Whenever a verdict is neither certain in itself nor finds facts from which certainty can be attained, it ought to be set aside.   Mays v. Lewis, 4 Texas, 39; Smith v. Tucker, 25 Texas, 594; Ryan v. Hays, 62 Texas, 42.

*Hawes & Carpenter*, for appellee.—The statute does not contemplate that in order to make a case of unjust discrimination the shipments must be of the same number of pounds.   If so, there could rarely ever be made out a case under the law.

GAINES, Associate Justice.—This was an action brought by appellee to recover of appellants a penalty of $500 for an unlawful discrimination in charging and collecting from appellee a greater sum for transporting a car load of lumber from Houston to Wharton than was charged another shipper for carrying a like quantity of lumber from and to the same points respectively.

It is first complained that the court erred in refusing to sustain a special exception to the following allegation in plaintiff's petition:   "That defendants, being railroad corporations, were at the date hereinafter set

out and are now under the Constitution and laws of the State of Texas prohibited from willfully and unjustly discriminating in their rates and charges for the transportation of any freight against any person or place, and any such discrimination is unlawful and subjects any railroad corporation so doing to a penalty of $500."

We think the exception should have been sustained. The statement is not an allegation of fact but a mere assertion of a conclusion of law, and should not have been permitted to encumber the record. But at the same time we are of opinion that the error was harmless, and is not a ground for the reversal of the judgment. The same may be said of the allegation in the petition which was objected to in defendants' third special exception.

The petition was also excepted to upon the ground that it was insufficient, because it did not show that the freight which was carried for the plaintiff, and for which he was charged 12½ cents per 100 pounds, was a like quantity with that alleged to have been carried for McCoy for 8 cents per 100 pounds. The allegation as to the freight carried for plaintiff describes it as "one car load of freight denominated in their [meaning defendants'] freight schedules and waybills as 'lumber,' and which was in fact lumber," and the allegation in regard to the freight transported for McCoy is almost precisely in the same words.

Two car loads of lumber or of any other commodity will rarely be of precisely the same quantity—that is, two can rarely be found of exactly the same weight or of the same dimensions. In order to create an unjust discrimination it is necessary only that the quantities shall be "like," not that they shall be the same; and we are of the opinion that within the meaning of the statute one car load is of like quantity with another. The exception to the petition on this ground was properly overruled.

During the progress of the trial the plaintiff offered in evidence the following letter, written by the general freight agent of the defendant the Southern Pacific Company:

"SOUTHERN PACIFIC COMPANY, OFFICE OF THE G. F. A.,
    "HOUSTON, December 9, 1887.

"*Jas. Gallaher, Esq., Wharton:*

"DEAR SIR—I have your favor of the 8th instant relating to damage to lumber sustained to your lumber from exposure. In reply I would beg to say that we regret that you were so unfortunate as to be, with ourselves, a sufferer from the effects of the strike on our lines, which was something not anticipated by us and for which we are not responsible. I can see no way for me to compensate you for the injury sustained. As regards giving rebate on your shipments, I would say that we have published rates on lumber, copies of which are on file with the commissioner of the Texas Traffic Association. As we are obliged by agreement to maintain rates you will see how utterly impossible it is for us to go into the rebate busi-

ness. To revert to delays to your cars, I will say that we are now over our troubles, and I trust that you will have no further occasion to complain of bad service on our part.

"I remain yours truly,

[Signed] . . "C. C. Gibbs, G. F. A."

The defendants objected to the introduction of the letter upon the grounds (1) because it was wholly irrelevant, and (2) because it referred to other transactions than that involved in controversy in this suit and "was written long prior to the happening of the things complained of by plaintiff." The objections were overruled and the letter admitted.

There are clearly some matters in the letter that were wholly irrelevant to the issues in this case; but the objection on that ground should have been to such especially and not to the letter as a whole. Under the objection of irrelevancy, as taken, if any part of the writing was pertinent the whole was properly admitted.

The evidence showed that one McCoy, on the 8th of December, 1887, had a car load of lumber shipped over defendants' lines from Houston to Wharton at 8 cents per 100 pounds, and that on the 12th the plaintiff caused a car load of lumber to be shipped over the roads from the same points, for which he was charged 12½ cents per 100 pounds. Such being the evidence, the letter introduced tended to prove some facts pertinent to the issues made by the pleadings. It tended to show that the company had fixed its rates upon lumber, and that between the 8th, when McCoy's lumber was shipped, and the 12th, when that of the plaintiff was received by the company, there had been no change in rates as to the general public. It was necessary to plaintiff's case that it should appear that there had been no change, for the reason that if 8 cents was the general rate on the 8th of December and 12½ on the 12th of the same month, then all were treated alike and there was no discrimination. The statute was not intended to prevent railroad companies from changing their rates, but to compel them to treat all shippers alike. Hence it was not irrelevant to adduce evidence tending to show that from the one date to the other the general rate was fixed. The letter also showed that on the day on which McCoy's freight was shipped the agent had received the plaintiff's letter and had under consideration the rate of transportation on lumber from Houston to Wharton. It tended, therefore, to show that the charge made on McCoy's freight was not the result of inadvertence but was intentionally made. The letter may not have been necessary to establish these facts, but it would not follow that it is irrelevant and that it ought to have been excluded. In so far as it tended to show anything prejudicial to defendants, it tended to prove a willful discrimination, and therefore appellants can not complain of its admission. So much as was irrelevant was not of a nature to injure their case.

It is complained that the court erred in admitting in evidence over the

objection of defendants the copy of the expense bill that was furnished to McCoy by the defendants, upon the ground that no predicate had been laid for the introduction of secondary evidence of the contents of the paper. We are not prepared to hold that if the evidence had been improperly admitted it would be any ground for a reversal of the judgment. Every material fact shown by the "expense bill" was proved from other sources beyond dispute. But the paper admitted had been produced by defendants' agent upon notice given by plaintiff's counsel and had been filed in the cause.

At the request of the plaintiff the court charged the jury as follows: "If you believe from the evidence that defendants charged and collected from plaintiff a greater rate of toll or compensation for a shipment of freight over their railways from Houston to Wharton than they charged Allen McCoy for a like quantity of freight of the same class from the same point to the same point and in the same direction, and that such charge was unjust and willfully made, then such charge would be unlawful, and you will find for plaintiff."

It is insisted that this charge was erroneous upon two grounds; (1) because "there was no pleading that the freight shipped over defendants' roads for plaintiff was a like quantity with that shipped for McCoy, nor was there any proof to that effect;" and (2) "because said charge does not define what would be an 'unjust' charge as applied to this case, nor does the qualification of the court, by referring to his general charge, remedy the defect, because the general charge nowhere defines the word 'unjust.'"

As to the first objection, it is enough to say that it was pleaded and proved that the freight shipped by plaintiff and McCoy each was one car load of lumber. This was "a like quantity." The defendants were not prejudiced by the failure to define the word unjust in the instruction. If the word had been omitted the effect of the charge would not have been changed, and it would have been correct. The use of the word was rather calculated to confuse the jury to the prejudice of the plaintiff.

It is insisted that the verdict is contrary to the evidence, upon the ground that the testimony showed that the freight shipped by McCoy was different in kind from that shipped by the plaintiff. But we fail to see that there was any substantial difference. Plaintiff's was a car load of lumber consisting of plank dressed upon one side and some scantling. McCoy's was precisely of the same class of lumber, the only difference being that his lumber had been prepared for making troughs and the planks were beveled on the edge. The fact that they called it "knock down troughs" can make no possible difference. It was substantially the same freight as that shipped by appellant, and it would be absurd to suppose that the general freight agent who gave McCoy the lower rate did not know that he was making a discrimination that was prohibited by law.

The contention of appellants amounts to this: that because one edge of the boards shipped by McCoy was beveled and they were prepared for being put together as troughs, and were denominated "knock down troughs," therefore they were justified in giving him a rate upon the freight fifty per cent less than that charged the general public upon ordinary lumber. We think the jury were justified by the evidence in holding this a discrimination in contravention of the statute.

It is also complained that the verdict is indefinite and unintelligible. But we think it subject to neither objection. It reads as follows: "We the jury find for the plaintiff for five hundred dollars." The question was, Was the plaintiff entitled to recover the penalty claimed of the two defendants? The verdict very clearly answers that question in the affirmative. As we understand it, a verdict in favor of one party is always taken to be a verdict against the other, and it is unusual for a verdict in an ordinary case to name or mention the party against whom the verdict is found.

There is a suggestion in the assignment of error that there was no evidence to warrant a judgment against the New York, Texas & Mexican Railway Company. There was no motion for a new trial upon that ground, but if there had been it would not have been available to the defendants in this court. There was evidence that the lumber of the plaintiff was shipped over "the roads" of the defendants, and the presumption would be that the same was the case with reference to the freight of McCoy. The same general freight agent acted in the two transactions, and the two loads of freight were received by the same agent at Wharton. The shipments were from the same point to the same point. The defendants did not attempt to deny a joint liability if either was liable, and such being the case the evidence just detailed is sufficient to support a verdict against both.

There is no error in the judgment, and it is affirmed.

*Affirmed.*