## FAIRCHILD v. WILSON. (No. 6646.)

(Court of Civil Appeals of Texas. Galveston. June 3, 1914. Rehearing Denied July 1, 1914.)

1. VENUE (§ 22*)—JOINT TRESPASS—PETITION —PLEA OF PRIVILEGE.

Where the petition alleged a joint trespass by two defendants on plaintiff's land, and charged them jointly with wrongful occupancy and use thereof, and the action was brought in the county where one defendant resided, the court properly directed a verdict against the other defendant's plea of privilege to be sued in the county of his residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

2. VENUE (§ 22*) — JOINT TRESPASS — EVIDENCE.

Where the evidence in an action for trespass showed that one defendant entered on the land without plaintiff's consent and operated a sawmill thereon, and that he placed his codefendant H. in possession of the mill under a contract by which H. operated the mill and received from him 50 cents per 1,000 feet for cutting his lumber, the trespass was joint, so that the action was maintainable against both defendants in the county where one of them resided.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

3. TRESPASS (§ 68*)—INSTRUCTIONS—DAMAGES RECOVERABLE—EVIDENCE.

Where the undisputed evidence in an action for trespass on a 60-acre tract of land showed that defendants occupied and used only 15 or 20 acres, and it did not appear that such use interfered with plaintiff's possession and enjoyment of the remainder, it was error to refuse to instruct that plaintiff could not recover more than the reasonable rental value of that portion of the land occupied by defendants.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 151, 152; Dec. Dig. § 68.*]

4. TRIAL (§ 251*)—INSTRUCTIONS—CONFORMITY TO ISSUES.

Where, in an action for trespass on land by the operation of a sawmill thereon, no issue was raised as to the rental value of the sawmill, or the right to recover therefor, the court properly refused to instruct that in determining the rent of the land the jury should not consider the rental value of the sawmill.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

5. TRIAL (§ 343*)—VERDICT—CONSTRUCTION.

In an action against two defendants for a joint trespass, a verdict, reading that, "We, the jury, find against the plea of privilege of the defendant F., and in favor of the plaintiff W., in the sum of $150.00," was a finding against both defendants for $150, though the undisputed evidence showed that they were not liable for the same amount; the state of the evidence affecting only the correctness of the verdict and not its construction.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 809–812; Dec. Dig. § 343.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from Nacogdoches County Court; Geo. F. Ingraham, Judge.

Action by W. T. Wilson against I. D. Fairchild and another. From judgment for plaintiff, the defendant named appeals. Reversed and remanded.

Blount & Strong, of Nacogdoches, for appellant. June C. Harris and Audley Harris, both of Nacogdoches, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against the appellant and W. G. Harrington to recover damages for the alleged wrongful entry upon and occupancy and use by defendants of a tract of 60 acres of land owned by appellee and situate in Angelina county. After alleging that on April 3, 1910, plaintiff was the owner of said 60 acres of land, and fully describing same, the petition further alleges:

"That on said 3d day of April, A. D. 1910, defendants, without the knowledge or consent of plaintiff, and with force, entered upon said land and premises and took possession, and thereafter held and retained said land and premises against. plaintiff's will and operated on said land· a sawmill for the purpose of manufacturing lumber, ties, railroad timbers, etc., and did manufacture lumber, ties, railroad timbers, etc., upon said land, and constructed thereon a large number of outhouses, lumber stacks, dollyways, excavations, embankments, lakes, and ponds, and used all and every portion of said land for the purposes above described and for the purpose of ingress and egress to other and adjacent lands and hauled and transported with teams and wagons over and across said· land logs and timbers for said mill, and continually occupied and used said land and premises in the manner and for the purposes hereinbefore enumerated from said 3d day of · April, A. D. 1910, until the 1st day of ·May, A. D. 1913; that on or about said 1st day of May, A. D. 1913, defendants tore down and removed said mill, machinery, houses, stacks of lumber, and other improvements theretofore maintained thereon, and surrendered and delivered unto plaintiff the possession of his land and premises and abandoned every part ·of said land and premises, and left plaintiff in the quiet and peaceable possession thereof. * * * Plaintiff says that said 60 acres of land is situated and lies along the track of the Texas & New Orleans Railroad, and is smooth and level land and well suited for the purposes for which defendants are using it, and is valuable agricultural land; that the reasonable rental value of said land and premises for the purposes used by defendants and for the period of its use and occupancy by the defendant, to wit, from the 3d day of April, 1910, to the 1st day of May, 1913, is the sum of $1,000; that by the taking and occupancy of said land by the defendants in the manner and ·for the purpose and for the time hereinbefore stated defendants became liable and promised to pay plaintiff the reasonable rental value thereof, to wit, the sum of $1,000; that plaintiff has often requested defendants to pay him, but defendants refused and still refuse to pay plaintiff said sum, or any part thereof, to plaintiff's damage in the sum of $1,000; that said debt is due, wherefore plaintiff prays the court, defendants having heretofore been cited to appear and answer plaintiff's suit, that upon a hearing hereof plaintiff have judgment for his debt against both defendants, for costs of suit and for general relief, as in law and in equity he may be entitled to."

To this petition appellant, Fairchild, filed a plea of personal privilege to be sued in the county of his residence. This plea, after stating the fact of appellant's residence in Angelina county and denying any promise or agreement on his part to pay any amount that might be found due by him to appellee in Nacogdoches county, or in any county other than the county of his residence, contains the following allegations:

"This defendant says, further, that upon the face of plaintiff's petition filed herein, plaintiff makes one W. G. Harrington of Nacogdoches county a party defendant in this cause, and this defendant alleges that in truth and in fact plaintiff has no cause of action against the said W. G. Harrington, but that he is made a party defendant by plaintiff for the sole purpose of undertaking to obtain jurisdiction over the person of this defendant. This defendant says that the said W. G. Harrington is not a proper or necessary party to this suit, in that there is no joint liability on the part of this defendant and said Harrington to this plaintiff, if there be liability at all, and this defendant says that plaintiff's petition states no cause of action showing a joint liability on the part of this defendant and the said Harrington, and that said Harrington is made a party defendant in this cause by plaintiff for the sole purpose of giving this court jurisdiction of the person of this defendant, and with full knowledge on the part of plaintiff that he has no cause of action against the said Harrington, and that there is no joint liability on the part of this defendant and said Harrington to plaintiff, wherefore this defendant says that said Harrington was fraudulently made a party defendant by plaintiff for the sole purpose of obtaining jurisdiction over the person of this defendant in the county court of Nacogdoches county."

Subject to his plea of privilege, appellant answered by special exceptions, general denial, and several special pleas, the nature of which it is unnecessary to state. The defendant Harrington answered by general demurrer and general denial. The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff for $150.

[1] The trial court did not err in instructing the jury to return a verdict against appellant's plea of privilege. The petition alleges a joint trespass by defendants upon plaintiff's land, and charges them jointly with wrongful occupancy and use thereof.

[2] The evidence shows that appellant entered upon the 'land without appellee's consent, and operated a sawmill thereon for about a year.· In April, 1911, he placed Harrington in possession of the mill under a contract by which Harrington operated the mill and received from appellant 50 cents per 1,000 feet for cutting his lumber. These facts show a joint liability of the defendants for the damages claimed by plaintiff for the use of his land, and, defendant Harrington being a resident of Nacogdoches county, suit could be maintained against both defendants in that county.

[3] The undisputed evidence shows that the defendant only occupied and used 15 or 20 acres of plaintiff's land. As shown by

the petition before set out, plaintiff sought to recover the rental value of the land. Plaintiff testified that the rental value of the land for the time it was occupied by the defendants was $1,000. Several other witnesses who testified upon this issue placed the rental value of the land at from 25 cents to $1 per acre per year. In this state of the pleadings and evidence, appellant asked the court to instruct the jury that they could only allow plaintiff the reasonable rental value of that portion of the land occupied by the defendants. We think this charge should have been given. Defendants should not be held liable for the rent of that portion of the tract not occupied or used by them. This occupancy and use of the 15 or 20 acres is not shown to have interfered in the least with plaintiff's possession and enjoyment of the remainder of the tract. If plaintiff had owned a league of land, it certainly could not be contended that defendants' occupancy and use of a small portion thereof would make them liable for the rental value of the whole league, and there can be no difference in principle between the supposed case and the case presented by this record, the difference is only in degree. The fact that possession of a portion of the tract would, if defendants had been claiming the whole under the statutes of limitation, have given them constructive possession of the whole does not affect the question of their liability for the rent of the whole tract. They were not claiming any part of the land, and were therefore not in constructive possession of that portion not occupied by them.

[4] The plaintiff did not claim the sawmill situated on the land, and did not seek to recover its rental value, and no evidence was introduced as to such rental value. No issue as to the rental value of the sawmill being raised by either the pleadings or the evidence, the court did not err in refusing to instruct the jury that in determining the rental value of the land they should not take into consideration the rental value of the sawmill.

[5] The verdict of the jury was as follows:

"We, the jury, find against the plea of privilege of the defendant I. D. Fairchild and in favor of the plaintiff W. T. Wilson in the sum of $150.00."

The court properly construed this verdict as a finding against both defendants for the amount found in favor of plaintiff, and judgment was properly rendered thereon against both defendants. Under the evidence the defendants were not liable for the same amount, because the undisputed evidence shows that defendant Fairchild occupied plaintiff's land for a year before defendant Harrington had any connection with its occupancy and use, and Harrington cannot be held liable for the rental value of the premises during said year. But this only affects the correctness of the verdict, and cannot determine its proper construction. There is no ambiguity in the finding in favor of plaintiff, and the suit being against both defendants for the full amount claimed by the plaintiff, the general finding in his favor should be construed as a finding in accordance with the prayer of the petition. Ry. Co. v. Gallaher, 79 Tex. 691, 15 S. W. 694. Harrington has not appealed, and the question of whether the evidence authorized a verdict against him for the amount found by the jury is not before us.

For the error in refusing to instruct the jury that appellant could only be held liable for the rental value of the land occupied by him, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.