STARK et al. v. HAYNES. (No. 452.)*

(Court of Civil Appeals of Texas. Beaumont. April 21, 1919. Rehearing Denied April 30, 1919.)

1. TRIAL &85—RECEPTION OF EVIDENCE—OBJECTION TO EVIDENCE AS A WHOLE.

Where a part of testimony objected to as a whole is admissible for any purpose, it is not error to overrule the objection.

2. APPEAL AND ERROR &231(3) — RESERVATION OF GROUNDS FOR REVIEW—OBJECTIONS TO EVIDENCE.

Only objections to evidence made in lower court will be considered on appeal.

3. APPEAL AND ERROR &219(2)—REVIEW—FINDINGS.

Findings of fact not assailed by appellants are conclusive on appellate court.

4. ADVERSE POSSESSION &33 — EVIDENCE — NOTICE OF ADVERSE CLAIM.

In an action involving question of whether plaintiff had acquired title by adverse possession, testimony that an agent of defendants who claimed to be legal owners of the land, urged witness to persuade plaintiff to compromise, was admissible to show notice to defendants of plaintiff's adverse claim.

---

&For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction June 21, 1919.

**5. EVIDENCE ⚖═594—WEIGHT OF EVIDENCE—FAILURE TO DISPROVE FACT.**

Where evidence tends to establish a fact which is within the power of and to the interest of opposing party to disprove, if false, his failure to disprove it strengthens the probative force of the evidence.

**6. ADVERSE POSSESSION ⚖═85(2)—EVIDENCE—ADMISSIBILITY.**

On the question of whether plaintiff acquired title by adverse possession, plaintiff's testimony that her brother had told her that agent of defendants, who claimed legal title, had told him to offer to compromise with plaintiff, was admissible to prove her claim to the land, and that offer of compromise was made by defendants.

**7. APPEAL AND ERROR ⚖═931(1)—REVIEW—PRESUMPTIONS.**

Where case is tried without a jury, the presumption is that there was testimony to support the judgment rendered.

Appeal from District Court, Newton County; W. T. Davis, Judge.

Action by Mrs. M. L. Haynes against W. H. Stark and others. Judgment for plaintiff, and defendants, with certain exceptions, appeal. Affirmed.

Holland & Holland, of Orange, for appellants.

Wightman & Hancock, of Newton, and Smith & Crawford, of Beaumont, for appellee.

BROOKE, J. This suit was brought by appellee to recover 160 acres of land in Newton county, same being a part of section No. 9, H. T. & B. section, certificate No. 468. The title pleaded and relied upon by appellee was one of limitation under the ten years' statute of limitation. Upon a trial before the court without a jury appellee recovered the specific 160 acres sued for as against the appellants and Mrs. S. N. Conn and Miller & Vidor Lumber Company, who do not join in the appeal.

It is agreed that section No. 9, certificate 468, H. T. & B. Ry. Co. abstract No. 177, 640 acres in Newton county, was duly patented to W. E. Dodge and Daniel James, assignees, May 18, 1872, and has passed by regular record chain of conveyances from the patentees down to Alexander Gilmer, who died, leaving such title as he held in his heirs, the present defendants, except Mrs. S. N. Conn and Miller & Vidor Lumber Company, who claim under the plaintiff, subject to the limitation title as claimed by the plaintiff.

It is agreed by and between the plaintiff and defendants that the 160 acres described in plaintiff's petition is an equitable partition of the whole survey between plaintiff and defendants.

Plaintiff offered in evidence the timber deed from Mrs. M. L. Haynes to R. C. Conn, dated December 11, 1909, filed for record December 28, 1909, recorded in Deed Records of Jefferson County, Tex., vol. 14, p. 378; and it is agreed that such title as was conveyed by said deed has reverted to and is vested in the plaintiff.

At the request of appellants, the court filed the following findings of fact and conclusions of law:

**"Findings of Fact.**

"(1) I find that the plaintiff, Mrs. M. L. Haynes, and her former husband, Cenia Haynes, settled on the land in controversy about the year 1903, believing at the time that the same was public school land, and that they made improvements on said land, such as a house and a small field, and residing there until some time in January, 1907, when they separated, and the plaintiff moved away to one of her brothers, where she had a house built and resided for several months.

"(2) I find that Cenia Haynes while residing on the property in controversy attorned to Alexander Gilmer, the former owner of said land, and that he resided on said land until about January, 1907, when he moved away and has never returned thereto.

"(3) I find that the plaintiff was divorced from her husband, Cenia Haynes, some time during the year 1911 in the district court of Jasper county, Tex., and since said time has remained a feme sole.

"(4) I find that in March, 1907, the plaintiff returned to the improvements on the land in controversy and found the house locked. She ascertained from the brother of her former husband that her husband had locked the house and delivered the key to his brother as security for a debt, and said that if plaintiff would pay said debt of about $20, that he would let plaintiff have the property. Plaintiff paid said debt and the property was delivered to her, and in March, 1907, she and her family, which consisted of several children, moved into the house on the land in controversy. She made some additional improvements—added some to the house, built some outhouses, and took in more land in her field. Since March, 1907, she and her family have continuously resided upon said land and have cultivated the fields, consisting of 10 to 15 acres, each and every year, and she has claimed 160 acres of said land since her return in 1907 against the world.

"(5) I find that during the year 1907 the defendants, and those under whom they hold, had actual knowledge of the fact that plaintiff was claiming the land in controversy against them; that they did, during said year through their agent, attempt to compromise with her her claim and rights in said land, which offer of settlement was refused by plaintiff.

"(6) I find that the 160 acres described in plaintiff's petition and in the judgment in this cause is a fair and equitable division and partition of the same with the remainder of said section No. 9, H. T. & B. Ry. Co. survey in Newton county, Tex.

---

"Conclusions of Law.

"I conclude as a matter of law:

"1. That plaintiff's possession, use, and enjoyment of the land in controversy was open, notorious, and adverse to the world from and after March, 1907, and that her possession, use, and claim was known to the defendants from and after said date.

"2. That the title to said 160 acres of land matured in the plaintiff at the end of the ten-year period after March, 1907, i. e., said title matured in her on March, 1917, free from any right or title thereto in her former husband, Cenia Haynes.

"3. I further .conclude that the possession, use, and enjoyment of said land by plaintiff was of such a kind and character as to place the true owner thereof on notice that the same was adverse.

"4. I further conclude that under the agreement of the parties the 160 acres described in the judgment of this cause is a fair and equitable division and partition of the same with the remainder of the said section No. 9.

"5. I therefore conclude that plaintiff is entitled to recover the land in controversy, the same being the 160 acres described in the judgment rendered in this cause."

Motion for new trial was duly filed and presented to and overruled by the court. The errors presented for review were brought to the attention of the trial court, and appellants have duly perfected their appeal.

The first assignment of error is as follows:

"The court erred in admitting in evidence, and considering same over defendants' objection, the testimony of plaintiff's witness Henry Williams as shown by bill of exception No. 1."

Under this, there is a proposition to the effect that—

"Self-serving conversations between strangers are not advisible in evidence, and, when admitted and considered by the trial court over timely objection made, are prejudicial' and constitute reversible error."

The counter proposition is:

"The court did not err in admitting and considering the testimony of Henry Williams and Mrs. M. L. Haynes as shown by appellants' bills of exception numbered 1 and 2."

Appellants' bill of exception No. 1 reads:

"Be it remembered that on the trial of the above-entitled cause, and while the plaintiff's witness Henry Williams was on the stand testifying in behalf of the plaintiff, plaintiff asked the said witness the following question: 'Did you ever have a conversation with Mr. Thomas, agent for the Gilmer Lumber Company, the land man for the Gilmer Lumber Company, about the land sued for?' To which question the defendants at the time objected because there was no connection between the defendants and Thomas and because the conversation was between parties not parties to this suit, and further because the same was an effort to prove an offer of compromise, which objections were overruled by the court, and the witness permitted to testify in answer to the said question as follows:

" 'I know a man named Albert Thomas, who is Mr. Gilmer's son-in-law, my understanding was. It seems like he was looking after the interests of the Gilmer's heirs some way. I understood that he married Gilmer's daughter, I do not know. I had a conversation with Mr. Thomas with reference to Mrs. Haynes living on this land. That was just after she and her husband separated. He wanted me to work a compromise with Mrs. Haynes for him to have the timber and her the land. He wanted me to get her to give him a deed to the timber, and he would give her a deed to the land this 160 acres. I saw Mrs. Haynes about it, and she said she could not do that at all.'

"After which answer, defendants moved the court to exclude the said answer and not consider the same because it was not shown that Albert Thomas, with whom the conversation was had, was in any manner authorized by the defendants, and because the said answer shows and proves an unaccepted offer of compromise, but the court overruled the said objection, and admitted and considered the said testimony, to which action of the court the defendants in open court at the time excepted and now and here tender this, their bill of exception, and pray that same be allowed and ordered filed."

This bill of exception is qualified by the trial judge as follows:

"The foregoing bill of exception is hereby approved and ordered filed, with the following qualification, as part of the record in this cause: I considered this testimony admissible to show claim on the part of plaintiff and notice thereof to the defendants, and that the agency of Mr. Thomas was sufficiently shown by the above testimony as well as other testimony in the record which stands unchallenged and undenied."

The grounds of objection urged to the admission of the testimony of Mr. Thomas were:

(a) Because there was no connection shown between appellants and Thomas; and

(b) Because the same was an effort to prove an offer of compromise which was unaccepted.

Appellants' bill of exception No. 2 complains of the admission of the following testimony by Mrs. M. L. Haynes:

"Q. Did any person come to you with any offer to compromise and settle your claim of the lands? A. Somebody sent my brother Henry to talk to me about my land. He said they would give us a deed to the 160 acres of land for the timber that was on it. It was Mr. Thomas, I suppose the Gilmer people's agent, that sent that word; that is what they told me."

This testimony was objected to for the following reasons:

(a) Because it is not shown that the person who sent the word had any authority to act for or to bind appellants;

(b) Because the same was an effort to prove an unaccepted offer of compromise; and

(c) Because the said testimony was hearsay.

[1-5] It is our opinion that, if a part of the testimony objected to as a whole is admissible for any purpose, it is not error to overrule the objection, and it must be admitted that the only objections that could be urged in this court are the ones that were made in the court below. The objections urged to the testimony of Williams are set out above. As to whether or not Thomas was an agent of appellants was a question of fact to be determined by the court, not only from this testimony, but from all the facts and circumstances before the court. It is not shown by appellants that this was the only testimony offered to prove the agency. The findings of fact by the trial court are to the effect that Thomas was the agent of appellants. These findings not having been assailed by appellants, they are conclusive on this court. In our opinion, the testimony complained of was not offered for the purpose of binding appellants, but merely for the purpose, among other things, of showing notice to them of the adverse claim of appellee. With that view, we are of opinion that the testimony was admissible. If we take into consideration the rule of law, which is that when evidence tends to establish a fact, which is within the power of and to the interest of opposing party to disprove, if false, his failure to disprove it strengthens the probative force of the evidence. Sullivan v. Fant, 160 S. W. 612.

[6] As to the testimony of Mrs. Haynes complained of in appellants' bill of exception No. 2, the discussion of the agency of Thomas and the unaccepted offer of compromise above stated is equally applicable to the question here raised. An additional objection is urged to Mrs. Haynes' testimony, that the same is hearsay. We think this testimony should have been admitted to show that there was a claim on her part to the land, which was being held by her under the ten-year statute of limitation, and also to prove that the proposition of compromise was, in fact, communicated to her, and prove who purported to make the offer of settlement. Therefore this assignment is overruled. G., H. & S. A. v. Gormley, 91 Tex. 401, 43 S. W. 877, 66 Am. St. Rep. 894; N. Y. T. & M. Co. v. Gallagher, 79 Tex. 689, 15 S. W. 694.

[7] In this connection, it is well to say that, inasmuch as the case was tried without a jury, the presumption is that there was testimony to support the judgment rendered and the findings of the trial court, and the findings of the court, as above said, not being challenged by appellants, support the judgment rendered, and are conclusive.

This brings us to the third assignment of error, which is as follows:

"The judgment of the court is contrary to and not supported by the evidence, in that the undisputed evidence shows that plaintiff's possession of the premises sued for was not adverse, was not commenced and continued under a claim of right, required by law, but that same was permissive and by and with the obtained consent of the true owner and in recognition of his title."

The proposition of appellants under this assignment is that—

"A possession held by permission of the owner is not adverse and does not become adverse until the right of the owner is disputed and notice brought home to him."

The proposition following the third assignment is undoubtedly correct, and we agree with appellant. However, there is no such case before this court, and in our judgment the possession held was not by permission of the owner, but was, in our opinion, adverse from the beginning, in 1897, to 1917, and undoubtedly the notice was sufficient and brought home to the plaintiff by the long-continued and adverse occupancy of the defendant.

The findings of fact made by the court remain unassailed and unchallenged, and it will be presumed that the facts support the same if there is any testimony to sustain the findings. Seedig v. First National Bank, 168 S. W. 446; Bancroft v. Emerson, 194 S. W. 994; Insurance Co. v. Finegold, 183 S. W. 833; Texas, M. P. R. R. Co. v. Kaufman County Implement Co., 175 S. W. 482; Todd v. St. Louis Ry. Co., 173 S. W. 618.

The evidence strongly tends to establish the agency of Albert Thomas, which is within the power of and interest to the appellants to disprove, if false, and their failure to attempt to disprove it strengthens the probative force of the evidence.

The judgment of the court is in accordance with and supported by the evidence, and the findings of fact made by the court, in that the undisputed testimony and unchallenged findings are that in 1907 appellants were put upon actual notice that appellee was occupying and claiming adversely the land in controversy. As to the findings of fact made by the trial court as to the agency of Mr. Thomas, the witness Williams testified:

"I had a conversation with Albert Thomas with reference to Mrs. Haynes living on this land. That was just after she went back on the land after she and her husband separated. As to what the conversation was, will say he wanted me to work a compromise with Mrs. Haynes for him to have the timber and her the land. He wanted me to get her to give him a deed to the timber and he would give her a deed to the land, this 160 acres. I saw Mrs. Haynes about it, and she said she could not do that at all. I reported that back to Mr. Thomas. I

told him about it. That was just after Mrs. Haynes went back on the land."

In view of the complaint that the judgment of the court is not supported by the evidence, it is just to say that nowhere do appellants complain of the insufficiency of the testimony to support the findings of fact made by the court. The findings of fact, unassailed and unchallenged by an assignment, are presumed to be supported by testimony, and the appellate court will not look beyond the findings to determine the facts.

The undisputed testimony is to the effect that in 1907 appellee, with her children, moved to the land in controversy, since which time she continued to cultivate, use, and enjoy the same; that during the year 1907 appellants and those under whom they hold had actual as well as constructive knowledge of the fact that appellee was claiming the land in controversy against them. This undisputed testimony and unchallenged findings support the judgment rendered by the trial court. The proposition urged by appellants under the third assignment, that possession permitted by the owner is not adverse, as above stated, is completely met by the facts as set out above.

Viewing this record as a whole, we desire to say that nowhere does it tend to show a holding by permission on the part of appellee. It does, however, appear by the record that Mr. Haynes and Mrs. Haynes did not live together after 1907, and the testimony is conclusive, not that Mrs. Haynes had permission to occupy the land of another and went upon it under this permission and occupied it, but it seems, from the testimony of Haynes, the person to whom the permission was given was Haynes himself, after he and his wife had finally separated.

We find no error in the trial of this case such as would justify this court in reversing this judgment, and it is, therefore, in all things affirmed.