**FORT WORTH MUT. BENEV. ASS'N v. GUIRE. (No. 3347.)**

(Court of Civil Appeals of Texas. Texarkana. Feb. 24, 1927. Rehearing Denied March 10, 1927.)

**1. Insurance ⟨⟩819(1) — Judgment against benevolent association for maximum amount of three certificates of insurance issued by it held supported by evidence.**

In suit to recover aggregate maximum amount of three certificates of insurance issued by fraternal benevolent association, judgment in favor of plaintiff for full amount *held* not contrary to evidence.

**2. Insurance ⟨⟩817(1)—Mutual insurance association held to have burden of proving that sum it tendered in settlement of claim was entire sum collectable under policy.**

In an action against mutual benevolent association on three certificates of insurance, each providing for payment on death of sum not to exceed $1,500, burden of proving that smaller sum tendered in settlement was equal to total of all assessments which might be levied and collected thereunder *held* to be on association.

Appeal from District Court, Harrison County; Beard, Judge.

Suit by Evazonia D. Guire against the Fort Worth Mutual Benevolent Association. From a judgment for the plaintiff, defendant appeals. Affirmed.

Thompson & McWhirter, of Greenville, for appellant.

Chas. E. Carter, of Marshall, for appellee.

HODGES, J. The appellant is a fraternal benevolent association organized under the laws of this state. On December 31, 1923, it issued to Nathaniel L. Guire three certificates of insurance, each providing for the payment of a sum not exceeding $1,500 on the death of the insured to his wife, the appellee in this suit. The following is a copy of the material provisions of the certificate:

"Class A–21.

"No. 121 (A–21).        Not to exceed $1,500.00.

"Age 57.

"The Fort Worth Mutual Benevolent
Association of Texas.

"Greenville Division.

"Chartered 1908 under the Fraternal Benefit Laws of 1889, as amended 1901, 1903, 1905.

"This certificate witnesseth, that Nathaniel L. Guire is this day admitted as a member of the Fort Worth Mutual Benevolent Association (Greenville division) in this class, subject to the following conditions:

"(1) That his or her membership is based on his or her application, which application is filed in the office of the Fort Worth Mutual Benevolent Association, and is made a part of this contract.

"(2) That the aforesaid member agrees to pay all assessments levied by the board of directors of the Fort Worth Mutual Benevolent Association as needed, the sum of $1.10 upon the death of any member in this class within 10 days from the date of call of same, and $4 per year for annual dues, to be paid on or before October 1st of each and every year thereafter, without notice, and it is further agreed that a failure to pay any assessment so levied by the board of directors, within ten days from call, or a failure to pay the annual dues on or before October 1st of each year, shall forfeit all claims hereunder as a member of the Fort Worth Mutual Benevolent Association. It is further agreed that, if any untrue statement or statements have been made with fraudulent intent in the application, as to age, family history, or any other questions that would materially increase the risk assumed, this certificate shall become null, void and of no effect.

"That the aforesaid member agrees to the stipulations herein, that this certificate shall only bind the Fort Worth Mutual Benevolent Association to pay to the order of Mrs. Evazonia D. Guire (wife) the sum of $1 received from each member in good standing in this class at the time of death, said amount not to exceed $1,500; provided that the member is in good standing in the Fort Worth Mutual Benevolent Association at the time of death."

The other two certificates are identical, except that one is issued in class B–22 and the other in class F–26. Guire died on May 15,

---

1925, while a member in good standing. After proof of death, appellant tendered $1,604 in full settlement of the amount due upon all the certificates. That settlement was declined, and this suit was filed to recover the sum of $4,500, the aggregate maximum amount of all three of the certificates.

As an answer, the appellant pleaded the provisions of its constitution and by-laws which limited the amount which the beneficiary might claim to one assessment upon each member in good standing in the order. It alleged that in compliance with its constitution and by-laws it had levied an assessment upon each member of the Greenville division, and had collected the sum of $1,604, which it tendered in full settlement of the claim under all three of the certificates, and tendered that amount in court.

[1] In a trial before the court, a judgment was rendered in favor of the appellee for $4,500. The principal contention in this appeal is that the judgment of the court is contrary to the evidence.

The constitution offered in evidence contains the following provisions:

"Article 1. The name of this association shall be the Mutual. Benevolent Association of Texas; its home office in Fort Worth, Texas; its business to provide for mutual life and accident insurance, which business shall be carried on within the state of Texas.

"Art. 2, sec. 1. It shall have no capital stock, but operate on the assessment plan. Its members shall consist of white persons between the ages of sixteen and sixty years," etc.

"Sec. 2. The constitution, by-laws (and all reasonable regulations of the board of directors) shall be and form a part of every benefit certificate issued.

"Art. 3, sec. 1. Where any beneficial certificate has been delivered (and signed by the member while in good health) the association will pay on the death, while in good standing, of the member holder to the beneficiaries a sum not exceeding one thousand ($1,000.00) or fifteen hundred ($1,500.00) dollars, and for accident causing total loss of an eye," etc.

"Sec. 2. To keep a mortuary fund on hand, the secretary shall assess each member, when necessary, as follows: On death of a member, $1.10," etc. "No assessment shall be made if the mortuary fund contains sufficient funds to pay next loss."

[2] The defense is, in substance, that under the terms of the certificates and the constitution the appellant cannot be held liable for more than the amount of one assessment upon each member in good standing at the time the levy is made. It is contended that the evidence is undisputed that an assessment was levied and collected from all the members of the Greenville division, that the amount so collected was tendered to the appellee as a settlement, and that appellant is not liable for more. The court evidently concluded that those facts were not sufficient to constitute a defense. It does not appear upon what particular ground that conclusion is based, since no findings of fact and conclusions of law were filed. Conly K. Stevens, appellant's secretary, testified that some time prior to the death of Guire the different classes in the Greenville division had been abolished because of the depletion in the memership; that when officially notified of Guire's death he made an assessment against all the members of the Greenville division in good standing and collected the sum of $1,604, and that amount had been tendered in settlement. The appellee submits the following proposition:

"In an action on a life policy wherein the payment is to be for a sum not to exceed a sum stated, the burden of proof is on the Insurance Company to plead and prove that a less sum should be paid, if such be the facts."

See Fort Worth Mut. Ben. Ass'n v. Golden (Tex. Civ. App.) 287 S. W. 291; Sup. Council v. Anderson, 61 Tex. 296; Ins. Co. v. Arnold (Tex. Civ. App.) 32 S. W. 579; Int. Order, K. of Tabor, v. Boswell (Tex. Civ. App.) 48 S. W. 1108.

In this case the appellant had the burden of proving that the amount tendered was equal to the sum of the assessments which might be levied and collected upon each certificate. The proof shows that only one assessment was levied against each member of the Greenville division, and that none was levied on members outside of that division. There is nothing in the evidence offered showing what constitutes a division, or of what it is composed, or any authority for organizing and creating separate divisions. The certificates issued to Guire indicate that one member might hold more than one certificate in the same division. The logical inference is that his beneficiary would be entitled to have as many assessments as there were classes to which the deceased belonged. If any of the members of the Greenville division held certificates in more than one of the classes to which Guire belonged, they would therefore be subject to more than one assessment in order to make up the maximum amount due on his certificates. The secretary had no authority to reduce the value of Guire's certificates of insurance by abolishing the classes and requiring only one assessment from each member, regardless of their former status or class membership.

We think the appellant has failed to prove the facts which entitle it to discharge its liability by tendering a sum less than the face value of the certificates.

The judgment will therefore be affirmed.