### STONE v. BRADY MUT. LIFE INS. ASS'N.
### (No. 7178.)

Court of Civil Appeals of Texas. Austin.
Dec. 21, 1927.

**1. Insurance ⊕⇒371—Slight circumstances are sufficient to indicate intention of insurer to waive forfeiture.**

Generally, the law abhors a forfeiture, and will seize even slight circumstances indicative of an intention on part of company to waive a forfeiture.

**2. Insurance ⊕⇒388(3)—Conduct of insurer's authorized agent, showing intention to treat policy as valid after date it would forfeit, amounts to waiver of forfeiture.**

Where agent, with authority to bind insurer, and with full knowledge of facts, does some unequivocal act showing intention to treat policy as binding after date on which, under its terms, it would be forfeited, such conduct amounts to waiver of forfeiture provision.

**3. Insurance ⊕⇒392(1)—Retention of unpaid check by agent, and presenting it for payment after forfeiture period, evidenced intent to treat benefit certificate as binding.**

Where holder of benefit certificate paid assessment thereof by check which was returned from bank unpaid, conduct of insurer's agent in thereafter retaining check without notice to insured, indicating forfeiture or advising him that check was not paid, and in again presenting it for payment more than 30 days after forfeiture period of policy has arisen, and preparing proofs of death to be executed, evidenced intention on behalf of association to treat certificate as in force at time of death.

**4. Insurance ⊕⇒646(8)—To authorize recovery, beneficiary was not required to prove number of members in good standing at time of certificate holder's death.**

Where holder of mutual benefit certificate was insured for full amount named in certificate, to authorize recovery thereon beneficiary was not required to prove number of members in good standing at time of certificate holder's death, since, if beneficiary was entitled to recover less amount, insurer was required to prove such matter in defense.

Appeal from District Court, McCulloch County; J. O. Woodward, Judge.

Action by Mrs. Jamey S. Stone against the Brady Mutual Life Insurance Association. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

H. L. Livingston, of Coleman, and Evans J. Adkins, of Brady, for appellant.
J. E. Shropshire, of Brady, for appellee.

BAUGH, J. Mrs. Jamey S. Stone sued the appellee, Brady Mutual Life Insurance Association, a mutual aid association, upon a certificate for $1,000, issued to her husband, in which she was named as beneficiary. The case was tried to the court without a jury, and judgment rendered for the association, from which judgment she appeals.

No findings of fact nor conclusions of law appear; hence we are unable to determine on what theory the trial court rendered judgment against the plaintiff. The association asserted as a defense forfeiture of the policy for nonpayment of assessments. Appellant pleaded waiver of the forfeiture provision, and insists here that the proof conclusively shows such waiver.

The following substantial facts appear: The certificate, after providing for certain dues and assessments, further provided:

"A failure to pay said assessment or dues within fifteen days after date of call shall forfeit his membership to this association."

An assessment of $1 was made against the insured on July 24, 1926. Within 15 days thereafter, he delivered to the secretary and manager of said association at Brady, Tex., his check on a Coleman bank in payment of said assessment. No question is raised as to this method of payment. This check was deposited in a bank at Brady for collection, and some time later was returned unpaid, because of insufficient funds to the credit of insured in the Coleman bank on which it was drawn. The secretary, however, did not return the check to the insured, or notify him

that his policy was forfeited for nonpayment of the assessment; nor does the record disclose that the insured knew that his check had been returned unpaid. Thereafter, on September 16th, some 53 days after notice of the assessment, the secretary redeposited said check for collection. On October 11th the insured died, while said check was still outstanding. After his death, it was again returned to the secretary unpaid.

The secretary also prepared forms for proof of death, which were properly executed and returned to him. Thereupon he refused payment, and, so far as the record shows, for the first time asserted forfeiture of the policy on the grounds of nonpayment of the assessment. The appellant insists that this conduct on the part of the secretary, who appears to have had complete charge and control of the affairs of the association with reference to these matters, constituted a waiver of the forfeiture provision in the certificate. No question is raised as to his authority to bind the association; nor were any of the provisions of the constitution and by-laws of the association in evidence.

[1, 2] A full and exhaustive discussion of the question of waiver by Chief Justice Phillips is found in Equitable Life Assurance Society v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625. We deem it unnecessary to undertake here a further discussion of the elements of waiver so ably and exhaustively considered in that case. The general rule, however, supported by numerous cases, is that the law abhors a forfeiture, and will seize upon even slight circumstances indicative of an intention on the part of the company to waive a forfeiture. Where an agent with authority to bind the company, and with full knowledge of the facts, does some unequivocal act showing an intention to treat the policy as valid and binding after the date on which, under its terms, it would become forfeited, such conduct will amount to a waiver of the forfeiture provision. Dunken v. Ætna Life Ins. Co. (Tex. Civ. App.) 221 S. W. 691; Calhoun v. The Maccabees (Tex. Com. App.) 241 S. W. 101; Texas State Mutual Fire Ins. Co. v. Leverette (Tex. Civ. App.) 289 S. W. 1032.

[3] The conduct of Ellis, after the check given him by the insured was returned unpaid, in retaining such check without giving any notice to the insured indicating a forfeiture, or, so far as the record shows, advising him that the check had not been paid, in again presenting said check to the bank for payment more than 30 days after a forfeiture period had arisen, and in preparing proofs of death to be executed, in our opinion clearly evidenced an intention on his part on behalf of the association to treat said policy as valid and binding and still in force at the time of the death of the insured. The fact that the check was returned after his death still unpaid would make no difference.

[4] Nor is there any merit in the counter proposition of the appellee that appellant, even if the forfeiture provision had been waived, failed to make proof of the number of members in good standing at the time of his death in order to authorize her to recover. It has been uniformly held in such cases that it is not necessary for the insured either to plead or prove such facts. He was insured for the maximum amount named in the policy, and, if facts or circumstances exist showing that she is entitled to recover a less amount, such matters must be pleaded and proven by the insurance company as a defense. Fort Worth Mutual Benevolent Ass'n v. Golden (Tex. Civ. App.) 287 S. W. 291; Fort Worth Mutual Benevolent Ass'n v. Guire (Tex. Civ. App.) 292 S. W. 910; American, etc., Protective Inst. v. Bandy, 2 S.W.(2d) 977.

The case was not sufficiently developed on the trial thereof to authorize us to render judgment for appellee here, but we are clear in our view that, under the pleadings and the evidence as presented, the trial court erred in rendering judgment against the plaintiff and for the association. For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.