## FORT WORTH MUT. BENEV. ASS'N v. HANEY. (No. 7350.)

Court of Civil Appeals of Texas. Austin. April 17, 1929.

Rehearing Denied May 8, 1929.

Thos. W. Thompson, of Greenville, for appellant.

Bishop & Holland, of Athens, for appellee.

BAUGH, J. Appeal from a judgment in favor of appellee for $1,500, upon an insurance certificate issued by appellant to Addie Haney, wife of appellee, in which he was named beneficiary. The trial was to the court without a jury, and no findings of fact nor conclusions of law were requested. The certificate sued upon was issued January 13, 1926. The insured was suspended for nonpayment of dues April 1, 1926, but was reinstated August 4, 1926, upon furnishing certificate of good health. She died on October 16, 1926, and appellant contends that she was at that time again suspended for nonpayment of the assessment of October 1, 1926, which, under the provisions of the certificate, was required to be paid within 15 days.

Several propositions are presented, but they raise but three main contentions. Appellant first contends that the evidence conclusively shows, and that the court erred in not holding, that the health certificate on which the insured was reinstated on August 4th was false and fraudulent, and that by reason thereof her policy was forfeited. We do not sustain this contention. The sworn statement of the physician signing the proofs of death, forwarded to the company by the beneficiary, taken alone, would indicate undoubtedly that certain statements made by Mrs. Addie Haney in said health certificate were false. The physician who signed the proofs of death, however, did not testify as a witness, and the testimony of appellee on the trial of the case clearly contradicted said sworn statement of said physician. He testified that the insured, his wife, was in good health at the times in question. In this he was also corroborated by one of his neighbors who frequently saw the deceased. This clearly raised an issue of fact which the trial court resolved against the appellant, on conflicting evidence, and concludes that matter in this court.

The next contention is that the insured was suspended on October 15, 1926, for nonpayment of an assessment dated October 1st, and was therefore not covered by her policy on October 16th, the date of her death. The secretary of appellant testified that he mailed to deceased some time about October 1st a notice of such assessment. The assess-

ment was to pay claims for those already deceased. The testimony further showed that appellee mailed to appellant a check for the amount called for in the notice, dated October 14th, and that this check was received by the secretary of appellant some time during the day of October 15th. The secretary testified that it was received after 5 o'clock, the hour at which the office was closed, but through the mail some time that night, probably before 12 o'clock. The certificate provided in one place that remittances must be made "within 15 days after the date of call for same." In another portion it provided that: "No call for death assessment shall be deemed closed under 15 days *from the date of mailing out of the notices* for death assessments." (Italics ours.) The notice sent bore date of October 1st, but the secretary testified that it might have been mailed on October 2d or 3d. The policy should undoubtedly be construed as giving the insured 15 days from the date of mailing notice in which to pay the assessment. Under the evidence, therefore, the trial court was justified in finding that the check of October 14th sent to the appellant, which was the customary method of payment recognized and accepted by the appellant, received by the secretary on October 15th, constituted payment within the 15 days allowed by the policy. It was not denied that same was actually received by the appellant on October 15th, the only contention being that it was received after office hours, and that under the terms of the policy the insured was on that day automatically suspended.

■ The next contention is that the court erred in awarding judgment for $1,500; that under the terms of the policy the appellee was entitled only to $1 per capita collected from each member of the association in good standing at the time of the death of the insured, in the class in which deceased was insured, and that the proof showed that there were only 83 members in that class. We overrule this contention. The certificate provided that the appellant "agrees to pay not to exceed the sum of Fifteen Hundred Dollars ($1,500.00) at its home office in the city of Greenville, Hunt County, Texas, upon due proof of death of Mrs. Addie Haney; * * *" and further that such certificate was issued in consideration that "the insured agrees and promises to pay within 15 days from the date of call for same $1.10, as needed, upon due proof of the death of *any member* holding a valid Certificate in the Association; * * *" and further that appellee should accept "as full settlement for his claim, $1.00 that shall have been collected and received from *each member of the association*, respectively, by the secretary, after the call has been declared closed."

Nowhere do we find in the policy any reci-

tation or provision indicating that the insured belonged to any particular class. On the other hand, the language above quoted clearly indicates that the insured belonged to a general class; that she was bound to pay assessments made in case of death of any member of the association; and that said policy contemplated upon her death an assessment and collection of $1 from "each member of the association" without reference or regard to any class. This policy is consequently of an entirely different character from that involved in Fort Worth Mutual Benevolent Association v. Akin (Tex. Civ. App.) 9 S.W.(2d) 398, and Fort Worth Mutual Benevolent Association v. Guire (Tex. Civ. App.) 292 S. W. 910, cited and relied upon by appellant to sustain its contention. In each of those cases the policy there involved expressly provided for a certain class, by its express terms insured only the class so provided for, and expressly limited a recovery to $1 for each member in good standing in that particular class. Under the policies there involved those cases are undoubtedly correct. In the instant case, however, we have no such policy and no such state of facts, and those cases are not here applicable. The testimony of the secretary, therefore, to the effect that there were 83 members in the class to which the deceased belonged, is wholly immaterial, because the policy in suit nowhere limits recovery to any particular class, but, on the contrary, expressly negatives any such limitation.

■ Nor did the court err in rendering judgment for $1,500, the maximum amount of the policy. It is now well settled in this state that in mutual insurance companies of this character, where the certificate of insurance provides a maximum amount, with a limitation of recovery to $1 per capita for each member of the association in good standing at the death of the insured, it is incumbent upon the association to plead and to prove facts which would reduce the amount of the recovery below the maximum. American Citizens' Labor & Protective Institution v. Bandy (Tex. Civ. App.) 2 S.W.(2d) 977; Fort Worth Mutual Benevolent Association v. Golden (Tex. Civ. App.) 287 S. W. 291; Fort Worth Mutual Benevolent Association v. Guire (Tex. Civ. App.) 292 S. W. 911.

The appellant wholly failed to show the total number of members of the association in good standing at the death of the insured. This burden having been cast upon appellant, and it having wholly failed to discharge the same, it cannot complain of the trial court's judgment for the maximum amount of the policy.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.