## COX v. BANKERS' GUARANTY LIFE CO.
### et al.
### No. 7636.

Court of Civil Appeals of Texas. Austin.
Sept. 30, 1931.

Appellant's Motion Overruled Oct. 21, 1931.
Appellee's Motion Overruled Nov. 18, 1931.

H. L. Livingston and John O. Harris, both of Coleman, and Newman & McCollum, of Brady, for appellant.

W. J. Rutledge, Jr., of Dallas, for appellees.

BAUGH, J.

This suit was brought by appellant against the Bankers' Guaranty Life Company, alleged to be a corporation, and Floyd Patterson and A. G. Ingalls, for a balance of $3,750 claimed to be due her on a $5,000 life insurance policy issued to her husband in June, 1927, by the Bankers' Life Insurance Company, in which she was named as beneficiary. The suit was apparently abandoned as to Patterson and Ingalls.

The pleadings are not properly designated nor in due order, but we shall treat them as sufficient to raise the issues presented on appeal. It was not controverted that the policy in question was issued to the deceased husband of appellant, that he had died, and that she had been paid $1,250 by the Bankers' Life Insurance Company in January, 1928. She sought to recover the balance against the Bankers' Guaranty Life Company under the allegations that subsequent to the issuance of said policy sued upon, and prior to the filing of this suit, the Bankers' Life Insurance Company changed its name to that of Bankers' Guaranty Life Company, and that the company which issued said policy and the defendant company sued herein are one and the same company.

Appellant also alleged in the alternative that, if not one and the same company, the Bankers' Life Insurance Company and the Bankers' Guaranty Life Company, the defendant, merged and consolidated, that the assets of the former were transferred to the defendant company, which continued the business of both companies under the new name, and that all of the books, records, and agreements relating thereto, and the information concerning same, were in the possession of the defendant company, which was given notice to produce same.

The appellee answered by general demurrers and general denial, pleaded a surrender and cancellation of said policy by appellant

upon payment to her of $1,250, that said company was a mutual benefit association and the amount fixed in its policies only a maximum, and that said policy limited the amount of insurance to that collected from death assessments on its members in the same class with the insured. The appellant in reply pleaded fraud and misrepresentation in the procurement of said release and failure of consideration therefor.

At the close of the evidence the court gave peremptory instructions to the jury to find for the defendants. The first and controlling question raised is whether there was any evidence to go to the jury on the questions requested by the appellant to be submitted to the jury. The first two questions tendered were:

1. "Is the Bankers' Life Insurance Company of Dallas, Texas, and defendant Bankers' Guaranty Life Company of Dallas, Texas, one and the same company?"

2. "Did the Bankers' Life Insurance Company of Dallas, Texas, change its name subsequent to the execution of the policy of insurance herein sued upon, to Bankers' Guaranty Life Company, defendant in this cause?"

■ We think the court erred in refusing to submit these issues and in giving a peremptory instruction instead. In determining whether there was sufficient evidence to go to the jury on the issues made, it is our duty to disregard the defendant's evidence and accept as true the evidence offered by the plaintiff.

■ The policy sued upon was issued by the Bankers' Life Insurance Company to Sidney Johnson Cox on May 31, 1927, in the sum of $5,000, payable to his wife, Una Cox, as beneficiary. The face of the policy contains an absolute promise to pay the specific sum of $5,000. The reverse side thereof contained certain limitations and conditions which might, if applicable, limit or reduce the amount of said principal sum. It shows upon its face to be a mutual assessment policy. Similar policies were issued by the same company to Una Cox, and to the witness S. W. Hughes for the same amount as that issued to the deceased, S. J. Cox, and identical in terms. The uncontroverted evidence shows that these policies were all kept in force through death assessments made by the issuing company upon its policyholders. These assessments were collected through drafts drawn on the policyholders in the name of Bankers' Life Insurance Company by A. G. Ingalls, secretary-treasurer, during 1927 and up to the latter part of August, 1928. Beginning in September, 1928, however, on the policies issued to plaintiff, Una Cox, and to the witness Hughes by said Bankers' Life Insurance Company, assessments were made and drafts drawn on said policyholders in the name of the Bankers' Guaranty Life Com-

pany by A. G. Ingalls, as secretary-treasurer; and attached to said notices of assessment sent out was sent the following communication:

"Announcement

"Dear Policy Holder: By special agreement with the State Insurance Commissioner and the Attorney General we have inserted the word 'Guaranty' after the word 'Bankers' in the Company name and our name hereafter will be 'Bankers Guaranty Life Company.'

"This slight change became necessary on account of the constant confusion caused by the similarity of our name and the name of another company.

"This in no way affects your policy in the least.

"Please retain this letter and attach or put with your policy as evidence of this change until such time as convenient for us to make proper correction on your policy.

"You will hereafter make all remittances to 'Bankers Guaranty Life Company,' Dallas, Texas, in the same manner, amount and method as before.

"Thanking you for your co-operation in the past and assuring you of our willingness to serve you at any time, we are,
    "Sincerely,
        "A. G. Ingalls, Secretary,
        "Bankers Guaranty Life Company."

■■ This "announcement" came from the same office, the same officials, and the assessments made were identical in form and method with the notices and assessments made by the Bankers' Life Insurance Company, and on the same policies. In so far as the policyholders who continued their payments to the newly designated Bankers' Guaranty Life Company on the policies issued to them by the Bankers' Life Insurance Company are concerned, the newly named company would clearly be estopped to deny liability upon said policies. But appellee insists that this announcement or change did not occur until long after S. J. Cox' death, and his beneficiary, appellant herein, had made the settlement pleaded. That, however, is immaterial on the issues here presented. If in fact, as pleaded by the appellant, the identity of the insurer was not lost, but merely a change in name occurred, she could assert whatever claim she had against the Bankers' Life Insurance Company with the same rights against the Bankers' Guaranty Life Company. A mere change in name of a corporation does not affect its identity nor release it from any of its obligations. 5 Thompson, Corp. (3d Ed.) 40; 8 Thompson, Corp. 129; 14 C. J. 321.

■■ The "announcement" sent out by the appellee company, coupled with the fact that it came from the same officers at the same address of the Bankers' Life Insurance Com-

pany, and the fact that appellee was continuing without change the business of the former company, created a strong, if not a binding, inference that there was merely a change in the name of the concern as indicated in said letter and no change attempted in the identity or obligations of the corporation which issued the policy sued upon. The appellee had the facts and proof with reference to that matter peculiarly within its possession, and, though notified to produce same, it wholly failed to do so. This information was particularly available to it, but not to the public nor to its policyholders. Under such circumstances added weight will be given to the evidence offered by appellant. Stark v. Haynes (Tex. Civ. App.) 211 S. W. 343; Spencer v. Pettit (Tex. Civ. App.) 17 S.W.(2d) 1102. And, where the proof offered justifies a legitimate inference of its verity, and the adverse party has within his possession evidence to disprove such inferences if same are not true, his failure to do so raises a presumption against him that such inferences are true. Meyer v. Viereck (Tex. Civ. App.) 286 S. W. 894; Donoghue v. Lee (Tex. Civ. App.) 228 S. W. 957, 960; Texas Co. v. Clarke & Co. (Tex. Civ. App.) 182 S. W. 351, 353.

Under these facts and circumstances we think the trial court erred in not submitting to the jury the issues tendered and that there was sufficient evidence offered to sustain an affirmative finding thereon.

■ Nor did the introduction of the release executed by the appellant to the appellee, in itself and unexplained, authorize a peremptory charge in behalf of appellee. The policy showed upon its face to be an absolute promise to pay $5,000 upon the death of the insured. A provision on the reverse side recited that said company should not be liable for a greater sum than the amount realized from one assessment of $5.50 against each member in the insured's class at the time of his death. Another limitation provided that, if the insured died within a year after he was accepted from certain specified diseases, payment would be limited to one-fourth of the principal sum.

■ It is well settled, however, that, where a specific principal sum is provided in the face of the policy, and thereafter limitations prescribed which would restrict a recovery on certain conditions, or reduce the amount thereof, the burden rests upon the insurer to plead and prove such facts as would reduce the amount of the recovery below the maximum. Ft. Worth Mut. Benev. Ass'n v. Haney (Tex. Civ. App.) 17 S.W.(2d) 104, 105; Ft. Worth Mut. Benev. Ass'n v. Guire (Tex. Civ. App.) 292 S. W. 910, 911; Stone v. Brady Mut. Life Ins. Ass'n (Tex. Civ. App.) 2 S.W. (2d) 538. And, where a claim is based upon a liquidated demand, as here, in the absence of a bona fide dispute over the amount due, a settlement for a less sum than due is without consideration and does not bar a recovery of the balance. First Tex. Prudential Ins. Co. v. Connor (Tex. Civ. App.) 209 S. W. 417. And, where accord and satisfaction of a liquidated claim is set up as a defense, the burden rests on the party asserting it to establish it by pleading and proof. 1 Tex. Jur. 274. The appellee wholly failed to offer any such proof.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.