## MUTUAL LIFE & LOAN ASS'N OF AMERICA v. HOUSTON.

### No. 2361.

Court of Civil Appeals of Texas. Beaumont.
April 5, 1933.

Rehearing Denied April 19, 1933.

Sullivan & Wilson, of Dallas, for appellant.

Richey & Sheehy, of Waco, for appellee.

WALKER, Chief Justice.

On the 3d of April, 1930, appellant, Mutual Life & Loan Association of America, chartered under the laws of Texas, with its home office at Dallas, Tex., issued to J. C. Houston, deceased, a certificate of insurance reading, in part, as follows:

"Business Men's Special.

"No. 1041          Not to Exceed $2,500.00
"Age 60

"The Mutual Life & Loan Association of America chartered under the laws of Texas, Dallas, Texas,

"Agrees to pay not to exceed the sum of two thousand five hundred dollars at its main office in the City of Dallas, Dallas County, Texas, upon due notice and satisfactory proof of the death of Mr. J. C. Houston, insured member, during the continuance of this certificate, to Mr. S. V. Houston (Brother) of the insured, if living, if not to the next of kin, as provided in the Constitution and By-Laws of the Association, all to be based upon the following conditions and provisions, towit:

"1st. This certificate is issued in consideration of, and upon the basis of the statements contained in the application therefor, which is made a part hereof, and warranted to be true in every respect.

"2nd. The beneficiary shall accept as full settlement of any claim hereunder, Two Dollars Fifty Cents ($2.50) that shall be received by the Association from each member, who responds to the death assessment call, not to exceed Twenty-Five Hundred Dollars ($2,500.-00).

"3rd. The member also agrees to pay upon the death of any fellow member the sum of Two Dollars Seventy-five cents ($2.75) as a death assessment, when due call is issued therefor by the Board of Directors.

"4th. The member herein named agrees to pay upon call for same the sum of Two Dollars Seventy-five cents ($2.75) as an emergency mortuary assessment, thirty days after date of issue of this certificate; and a like amount upon call of the Board of Directors any time within twelve months from date hereof; provided, that not more than two such emergency mortuary assessments shall be made in any calendar year.

"5th. The member herein named agrees to pay the sum of Four Dollars ($4.00) as semi-annual dues, said payment to be made on the first day of November and first day of May in each and every year.

"6th. All assessments provided herein must be paid within Fifteen (15) days from date of call for same, and failure on the part of the member to pay any such assessments shall render this certificate null and void until duly reinstated as provided under the Constitution and By-Laws.

"It is mutually agreed and understood that the provisions on the reverse side hereof are a part of this contract as fully as if written over the signatures hereto affixed.

"This policy shall not be binding upon the Association until signed by the person in whose name it is written.

"I have read this certificate and I understand each and every condition and provision contained herein and I, of my accord, accept same and agree to be bound hereby and I warrant that I am in good health, this the ———— day of ————, A. D. 192—."

"The application" referred to in the first paragraph of the certificate contained the following provision: "I hereby make application for membership in the Mutual Life and Loan Association subject to the provisions of the certificate." "The provisions on the reverse side hereof" referred to in the sixth paragraph, contained the following provisions: (a), "It shall be the duty of each member of this association to notify the secretary of any change in address"; (b) "no liability shall rest upon this association, nor upon any member, representative or director, for any representation," etc.; (c) "all claims against the association shall be paid in the order in which they are filed"; (d) "the regular application, the medical examination, this certificate, the constitution and by-laws now in force, or that may be hereafter enacted, and all rules and regulations of the association, shall be and constitute the entire contract." The statement of facts does not contain the by-laws and constitution of appellant. Mr. J. C. Houston died in November, 1930, and proper proof of his death was made. The certificate was in good standing at the time of his death. Appellant conducted its insurance business in five groups, with a combined membership in all groups of about 1,000 at the time of the death of J. C. Houston. At receipt of proof of death of Mr. Houston, appellant levied an assessment upon its classification known as "Business Men's Special," and sent out 168 assessments, upon which it received $498. Of the numbers assessed 41 failed to respond. The "Business Men's Special" classification was organized about March, 1930, and at the time of the death of J. C. Houston contained 168 members, and the assessment was made against each member. Appellant sent its check to the beneficiary for $500 in payment of the amount due under the certificate. The beneficiary, appellee herein, refused to accept the tender and instituted this suit for $2,500, the maximum coverage under the certificate, with prayer for attorney's fees and damages. The allegations of the petition were sufficient to state a cause of action for the relief prayed for. Appellant filed a plea of privilege, which was overruled, and no point is before us against that ruling. On the merits, appellant answered by general demurrer, general and special denials, and by the following special plea:

"And further answering herein, if same be necessary, this defendant says that it had and carried a policy as shown attached to plaintiff's original petition, and that under the terms and conditions of said policy this defendant levied assessments on the members holding policies under the Business Men's Special, and that it only received in reply thereto the sum of $498.00 which said sum they remitted by certified check for the Liberty National Bank of Waco, Texas, payable to the plaintiff, S. V. Houston, in the sum of $500.00. That the list of members so assessed responded only in the above stated instance, and that said sum was all the money collected from the members of this association on said policy; and that under Section Two (2) of the policy it reads as follows:

"'The Beneficiary shall accept as full settlement of any claim hereunder, Two Dollars Fifty Cents ($2.50) that shall be received by the Association from each member who responds to the death assessment call, not to exceed Twenty-Five Hundred Dollars ($2500.-00).'

"That said sum represented all the money this defendant received on the death call assessment for the death of J. C. Houston, and has paid same, as herein shown, to the plaintiff, who was the beneficiary named therein."

Upon trial to the court without a jury, judgment was rendered for appellee for $2,-500, 12 per cent. damages, and $500 attorney's fees. The appeal was to the San Antonio Court of Civil Appeals, transferred to this court by order of the Supreme Court.

The two points made by the appeal are: (1)

The $500 tendered was the full amount due under the certificate; (2) appellant was not liable for attorney's fees and damages.

 A mutual insurance association, conducted upon the assessment plan, has the right to divide its membership into classes, and to limit the benefit of its certificates to the classification in which they are issued. Fort Worth Mutual Benevolent Ass'n v. Akin (Tex. Civ. App.) 9 S.W.(2d) 398; Fort Worth Mutual Benevolent Ass'n v. Guire (Tex. Civ. App.) 292 S. W. 910; Home Benefit Ass'n v. Griffin (Tex. Civ. App.) 10 S.W.(2d) 568; 6 Tex. Jur. 504. But where the membership is not classified, the association is liable, under its certificate, for the maximum amount of coverage provided therein, subject, however, to the right on the part of the association to plead and prove facts under the conditions of the policy which would reduce the amount of recovery below the maximum; and where the membership has been classified, the member must be advised by the provisions of his certificate, or otherwise, that he has been classified and that the amount of his certificate is limited to assessments against his classification. Unless he is given this information, all testimony by the insurance association as to the classification of its membership is immaterial, and the association remains liable as if no classification of its membership had been made. Fort Worth Mutual Benevolent Ass'n v. Haney (Tex. Civ. App.) 17 S.W.(2d) 104. Under the legal propositions just stated, the questions of fact are whether or not appellant had assigned J. C. Houston to a special classification and advised him of that fact. There is no suggestion in the record that he had any notice of an attempted classification except by the terms of his certificate. The certificate begins with the statement "Business Men's Special." There is no other reference to "Business Men's Special" in the certificate itself or in the application upon which it was issued, or in the provisions on the reverse side of the certificate. All references are to the membership of the association as a whole. Thus, it is provided that all claims against the association shall be paid in the order in which they are filed. There is nothing to advise the insured that the claim under his certificate would be paid in the order in which it was filed against "Business Men's Special"; section 2 of the face of the certificate provides that it shall be paid by assessments of $2.50 against each member of the association, without any reference whatever to the classification "Business Men's Special." The most that can be said in favor of the contention of appellant is that the certificate of insurance was ambiguous. On that conclusion, the ambiguity must be resolved against appellant and in favor of the appellee. From this it follows that the trial court correctly rendered judgment for the $2,500.

 Mutual insurance associations of the character of appellant are not liable for attorney's fees and penalties. Pledger v. Business Men's Accident Ass'n of Texas (Tex. Com. App.) 228 S. W. 110; International Travelers' Association v. Branum, 109 Tex. 543, 212 S. W. 630; Stephenville Mutual Life Ins. Ass'n et al. v. Gant (Tex. Civ. App.) 7 S.W.(2d) 119; Covington v. Sextet Local Mutual (Tex. Civ. App.) 8 S.W.(2d) 679; Id. (Tex. Com. App.) 15 S.W.(2d) 614.

The order is that the judgment of the lower court be reformed by eliminating the attorney's fees and damages, and, as reformed, in all things affirmed.

Reformed and affirmed.