## AMERICAN CITIZENS' LABOR & PROTECTIVE INSTITUTION v. BANDY.
### (No. 7177.)

Court of Civil Appeals of Texas. Austin. Dec. 7, 1927.

Rehearing Denied Jan. 4, 1928.

**1. Insurance** ☞791(1)—Mutual insurance association certificate of constitution, providing for maximum payment on death, held contract to pay such maximum.

Mutual insurance association certificate, providing that association would pay beneficiary an amount not to exceed $400, of which an amount not to exceed $100 would be paid within 24 hours after proof of death, and association's constitution, providing that beneficiary should receive a relief immediately after proof of death and a second relief at next grand lodge, provided first and second reliefs did not exceed $400, held to be contract to pay maximum amount stated.

**2. Insurance** ☞791(1)—That mutual insurance association stated amount payable on death as "relief" held immaterial on insurance liability.

Fact that a mutual insurance association designated, both in its certificate and in its constitution, the amounts it would pay on death of member as "relief," held immaterial on question of association's liability to pay such amounts as insurance.

**3. Insurance** ☞815(4)—In action against mutual insurance association for death payment, stated in certificate not to exceed certain sum, burden was on association claiming less sum due to plead and prove it.

In action on mutual insurance association life certificate, wherein payment was to be for sum not to exceed a sum stated, burden of proof held to be on association to plead and prove that a less sum was due beneficiary, if such was the fact.

**4. Courts** ☞37(2)—Plea that trial court had no jurisdiction because of amount involved held too late when first urged by supplemental answer.

Plea that trial court had no jurisdiction of action because amount sued for exceeded jurisdiction of trial court, held to have come too late, and not in due order of pleading, where first made in defendant's first supplemental answer more than 17 months after original petition had been filed, and after a second amended original answer had been filed to plaintiff's supplemental petition without such question having been raised.

**5. Abatement and revival** ☞82—Where petition states a demand within jurisdiction, plea to jurisdiction on ground amount in controversy has been fraudulently stated, must be filed before answer to merits, in absence of court's permission otherwise.

A plea to the jurisdiction of trial court, where petition states a demand within jurisdiction, on ground that amount in controversy has been fraudulently stated, must be filed before an answer to the merits, in absence of permission of the trial court to withdraw answer to merits for purpose of filing plea as one in abatement and in due order.

**6. Appeal and error** ☞1001(1)—Jury's finding of amount due on mutual insurance certificate held conclusive on review, where supported by evidence.

Jury's finding of amount due on a mutual insurance association life certificate held conclusive on review, where finding was supported by evidence.

**7. Insurance** ☞799—Recovery on insurance certificate entitled plaintiff to 6 per cent. interest on amount found due from date due as matter of law.

Where amount of plaintiff's recovery on mutual insurance association life certificate was fixed by the contract, held that she was entitled to 6 per cent. interest on amount found by jury to be due from date it was due as matter of law.

**8. Trial** ☞360—Excessive interest finding in suit on life insurance certificate could be regarded as surplusage, where not submitted to jury by issue.

In action on mutual insurance association life certificate, where jury found amount due and 10 per cent. interest thereon from date due, interest finding, though excessive, could be regarded as immaterial and surplusage, where not submitted to jury by issue.

**9. Insurance** ☞819(1)—Evidence held to support finding of amount due on mutual insurance association life certificate.

Evidence held to support finding that plaintiff, in suit on mutual insurance association life certificate, was entitled to $235 on original $400 contract.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Milam County Court; Jeff T. Kemp, Judge.

Action by Mary Bandy against the American Citizens' Labor & Protective Institution. Judgment for plaintiff, and defendant appeals. Affirmed.

G. R. Lipscomb, of Fort Worth, and W. A. Morrison, of Cameron, for appellant.

B. P. Matocha, of Cameron, for appellee.

BLAIR, J. Appellee sued appellant, American Citizens' Labor & Protective Institution, a negro lodge or labor organization, incorporated for the purposes, among others, of securing suitable employment for its members, of organizing lodges of negro men, women, and children to promote their labor and social interests, the protection of its members, and their dependents; and its charter authorized the use of money accumulated from dues "for the benefit of the membership in the way of relief to members and their families and dependents in case of sickness, accident, death, nonemployment," etc., upon a membership certificate of relief or insurance issued by appellant to Harvey Bandy, husband of appellee, the pertinent parts of which read as follows:

"In case of death of the said Harvey Bandy, the beneficiary hereinafter named shall upon due proof to the officers of the institution, be entitled to receive in accordance with the rules, laws and regulations of the institution, an amount not to exceed $400, and an amount not to exceed $100 of the above amount will be paid upon proof of death, to the beneficiary hereinafter named, within 24 hours after such proof."

Appellee alleged that her husband was dead; that he was a member of appellant in good and financial standing at the time of his death; that, as beneficiary in the policy, she had made proper proof of his death; and that appellant had paid her $165 on the policy of insurance, but refused to pay the balance of $235, for which she sued in the county court. Appellant set up various defenses not necessary to mention here.

A trial to a jury upon the special issues raised by both parties resulted in a verdict and judgment for appellee for $235, with 6 per cent. interest from the date it was due under the contract, from which judgment this appeal is perfected.

By assignments 1 and 2 appellant contends the trial court should have instructed a verdict for it: First, because the certificate sued on did not bind appellant to pay any amount, and was therefore void; and, second, that, if the certificate bound appellant to pay any amount, it was only $100 burial expenses, and, appellee having admitted by pleading that appellant paid her $165 on the certificate, there was no further liability on it. Neither contention is sustained. The certificate provided that appellant would pay appellee, "in accordance with the rules, laws, and regula-

tions of the institution, an amount not to exceed $400.00," of which "an amount not to exceed $100" would be paid within 24 hours after proof of death. The only rules, laws, and regulations pertinent to the issue is article 2, relief department, section 1, of appellant's constitution, which reads as follows:

"At the death of a member in good and financial standing their beneficiary shall receive a relief immediately after proof of death and a second relief at next grand lodge, provided the first and second reliefs do not exceed four hundred ($400.00)."

[1] We think the certificate sued on and the constitutional provision cited constitute a contract to pay the maximum amount stated in the certificate and constitution. Language of similar purport and meaning in fraternal, mutual, and life insurance policies has been so construed. In Fort Worth Mut. Benev. Ass'n v. Guire (Tex. Civ. App.) 292 S. W. 911, it is held:

"'In an action on a life policy wherein the payment is to be for a sum not to exceed a sum stated, the burden of proof is on the insurance company to plead and prove that a less sum should be paid, if such be the facts.' See Fort Worth Mut. Ben. Ass'n v. Golden (Tex. Civ. App.) 287 S. W. 291; Sup. Council v. Anderson, 61 Tex. 296; Ins. Co. v. Arnold (Tex. Civ. App.) 32 S. W. 579; Int. Order, K., etc., of Tabor v. Boswell (Tex. Civ. App.) 48 S. W. 1108."

[2] The fact that appellant designated what it should pay as "relief" instead of insurance is not material. The certificate, as well as the constitutional provision, supra, clearly state that appellant, not only will, but "shall," pay upon death of a member in good and financial standing a sum not to exceed $400. No other rule, law, or regulation of appellant was introduced delineating or in any way reducing that amount. In fact, appellant neither pleaded nor proved that a less sum should be paid, except possibly that appellant's constitution only allowed one-half benefit or relief until twelve months' membership, and no specific issue was requested or given on that issue. However, the jury's finding that $235 was still due on the certificate necessarily found that the constitution in effect at the time Harvey Bandy became a member and at the time of his death did not so provide, and the evidence sufficiently supports the finding.

[3] The above holdings also answer assignment 7, wherein appellant contends that appellee did not allege or prove that the "second relief * * * at the next grand lodge" had been granted. The proof is undisputed that Bandy died in June, and that the grand lodge met the following July 15, with his proof of death in hand. Appellant contracted that "a second relief at the next grand lodge" would be granted, not to exceed $400 for both the first and second relief. Appellant neither pleaded nor proved that "a less sum should be

paid," and the above authorities hold the burden was upon appellant to so allege and prove. Appellant did allege and introduce proof in support of it to the effect that the grand lodge authorized the payment of $165 to appellee as a matter of gratuity and compromise on its part of her claim; but the jury found against appellant on the issue, and the evidence supports the finding.

[4, 5] Assignments 3 and 4 raise the question of the jurisdiction of the county court because of the amount in controversy. Appellee's original petition, filed November 10, 1925, sought recovery on a certificate for $500, alleging $165 of it had been paid. Appellant answered the petition on its merits without attacking in any manner the jurisdiction. April 18, 1927, appellee filed her supplemental petition, in which she alleged in the alternative only that, if the certificate was not for $500, it was for $400, and gave notice to produce it at the trial. Appellant answered this petition on its merits by a second amended original answer. Appellant then filed, on April 18, 1927, its first supplemental answer by which it attacked for the first time the jurisdiction of the court, it being a special plea to the jurisdiction upon the allegations that its constitution provided that only one-half benefit or relief would be allowed until twelve months' membership; that appellee's petition showed that Harvey Bandy had not been a member twelve months at the time of his death; that appellee and her attorneys knew of the constitutional provision when both the original and supplemental petitions were filed; that one-half of either certificate sued on, less $165 which appellee pleaded she had received, would reduce the amount below the jurisdiction of the trial court; and that appellee fraudulently stated her case to wrongfully confer jurisdiction. Appellant made no request to withdraw its pleadings to the merits in order that it might file its plea to the jurisdiction in due order and as a plea in abatement; and the trial court correctly refused the plea and to submit any issues in connection with it to the jury as coming too late and not in due order of pleading. Since the decision of the Court of Civil Appeals in the case of Hoffman v. Cleburne Bldg. & Loan Ass'n, 2 Tex. Civ. App. 688, 22 S. W. 155, it has been the settled law that a plea to the jurisdiction of the trial court, where the petition states a demand within the jurisdiction, on the ground that the amount in controversy has been fraudulently stated, must be filed before an answer to the merits, in absence of permission of trial court to withdraw answer to the merits for the purpose of filing the plea as one in abatement and in due order.

[6] By assignment 5 appellant contends the verdict is excessive and should not have been for more than $35. The contention is based upon one of appellant's constitutions offered in evidence, which limited allowance of relief to one-half until twelve months' membership. The evidence is undisputed that the certificate was for $400, on which $165 had been paid; that Bandy's certificate was issued May, 1925; and that he died the following June, 1925. Appellee introduced in evidence another of appellant's constitutions, which was well identified as the one under which the lodge to which Harvey belonged was organized and operated at the time of his death. It contained no provision limiting allowance to one-half until twelve months' membership. Neither of the constitutions bore any date. Both were duly signed by appellant's proper officers, and, with the exception of the conclusion of one of appellant's state officers that the one limiting relief to one-half allowance was adopted before 1925, there is no proof when it was adopted. The one without the limitation was in general use by appellant's duly appointed and constituted officers and agents up until July, 1925, and after Bandy's death. The jury under the above evidence found the amount due to be $235, which concludes the question against appellant's contention.

[7-9] Assignment 6 is that the jury's finding of 10 per cent. interest on the amount due showed "malice, bias, prejudice," etc., and that the trial court could not disregard their verdict in that respect, and render judgment for the amount found by the jury to be due, plus 6 per cent. interest. The contention is without merit. The amount of appellee's recovery was fixed by written contract, and she was entitled to 6 per cent. interest on the amount found by the jury to be due from the date it was due as a matter of law. The jury were asked to find the amount due on the contract. They answered, "$235 and 10 per cent. in from date due." The interest finding may be regarded as immaterial and surplusage, since it was not submitted to the jury by the issue. The evidence fully authorized a finding that appellee was entitled to $235, and there is nothing to indicate that the jury were actuated by any improper motive in finding interest thereon.

We find no error in the judgment, and it is affirmed in all things.

Affirmed.