## JOHNSON v. SMITH.
### No. 1015.

Court of Civil Appeals of Texas. Waco.
Feb. 12, 1931.

Williford & Williford, of Fairfield, for appellant.

Anderson & Bonner, of Fairfield, and Lex Smith, of Teague, for appellee.

BARCUS, J.

Appellee instituted this suit against appellant to recover the amount due on a $500 note dated January 1, 1927, due January 1, 1928, bearing 10 per cent. interest per annum, and providing for 10 per cent. attorney's fees, signed "Johnson & McIlveen, by M. F. McIlveen," and payable to H. D. Potter. H. D. Potter is dead, and appellee is his independent executor under a will which has been duly probated. About 1901 or 1902, A. S. Johnson and M. F. McIlveen entered into a partnership and conducted a drug store. M. F. McIlveen was the man in active charge, and, according to the testimony of appellant, had full authority to buy on a credit and bind the partnership therefor. M. F. McIlveen died in July, 1928. A short time thereafter his widow, Mrs. McIlveen, by deed of conveyance and bill of sale, conveyed all of her interest in the partnership assets of the firm of Johnson & McIlveen to appellant, A. S. John-

son, who agreed to pay, in consideration therefor, all the partnership debts. McIlveen and wife had no children. His wife was his sole heir, and there was no administration on his estate, and, according to the pleading and proof, none was necessary. Appellee sought a recovery against A. S. Johnson as the surviving partner, and also by reason of the fact that he had taken charge of all of the partnership property and converted same to his own use and benefit. He sought to hold Mrs. McIlveen on the theory that she had received part of the partnership property and was therefore liable to that extent. Mrs. McIlveen, by cross-action, asked for judgment over against Johnson in the event appellee should recover against her.

The cause was tried to the court, and resulted in judgment being entered for appellee against A. S. Johnson, individually, and in favor of Mrs. McIlveen. A. S. Johnson alone appeals.

By his first proposition, appellant contends that the judgment of the trial court is not final, because same does not dispose of the partnership of Johnson & McIlveen, and by his second proposition contends that the judgment is not final because it does not dispose of the cross-action of Mrs. McIlveen against appellant. We overrule these propositions. Under the pleadings as well as the undisputed facts, the partnership of Johnson & McIlveen was dissolved by the death of McIlveen in July, 1928, long prior to the time this suit was instituted. The law is well settled that the death of one partner, in the absence of an express agreement to the contrary, dissolves the partnership. 20 R. C. L. 989; 47 C. J. 1040; Roberts v. Nunn (Tex. Civ. App.) 169 S. W. 1086. Appellee's suit was not against the partnership of Johnson & McIlveen, but was against A. S. Johnson, individually, and as the surviving partner of said partnership, and against Mrs. McIlveen, the widow of the deceased partner. Mrs. McIlveen, by her cross-action, only sought judgment against Johnson in the event appellee recovered judgment against her, and, the court having denied appellee any such recovery, same thereby effectively disposed of her cross-action.

By several different propositions, appellant contends the trial court committed error in permitting the witnesses W. O. Keeton and wife to testify relative to a certain conversation they had with H. D. Potter, deceased; his contention being that said witnesses, being beneficiaries under the will of H. D. Potter, should not have been allowed to so testify under and by virtue of article 3716 of the Revised Statutes. We overrule these propositions. If it could be said that said testimony for said reason was inadmissible, appellant waived said objection, because, after said witnesses had so testified, he cross-examined them fully with reference to the same matters, and had them repeat the same testimony, and, in addition, went much further and more into detail with reference to the alleged conversation said witnesses had with the deceased. In addition, the exception was to the testimony of each of said witnesses as a whole. The identical question involved here was decided adversely to appellant's contention in Cox v. McClave (Tex. Civ. App.) 22 S.W.(2d) 961 (error dismissed). To the same effect is Edwards v. White (Tex. Civ. App.) 120 S. W. 914.

The remaining propositions of appellant complain at certain findings of the trial court. We have carefully examined each of them, and same are overruled. We think the testimony of appellant fully supports the finding of the trial court that M. F. McIlveen was the managing partner of the partnership of Johnson & McIlveen at the time the note in controversy was executed and delivered, and that he so remained until the time of his death. Appellant testified that he and M. F. McIlveen began business in 1901 or 1902, and that there were no members of the firm of Johnson & McIlveen except M. F. McIlveen and himself, and that said partnership continued until McIlveen's death. He further testified that McIlveen had full authority to buy for the partnership on a credit during all of those years. He further testified that, after McIlveen died, he did not pay Mrs. McIlveen anything for her interest in the partnership property; that she turned all of it over to him, and made him a deed and bill of sale thereto, and placed the title to all of the property in him so that he could take it and pay the partnership debts. The bill of sale which Mrs. McIlveen made to A. S. Johnson to the personal property recited a consideration of $1,500 paid, and the deed recited a consideration of $1,000 paid, and each of said instruments recited the further fact that appellant assumed and agreed to pay all the outstanding indebtedness due by the firm of Johnson & McIlveen.

We have examined all of appellant's assignments and propositions, and same are overruled, and the judgment of the trial court is affirmed.