J. J. CARROLL, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 47669, 51880–51892. Promulgated November 15, 1932.

*Moultrie Hitt, Esq.*, and *G. Kibby Munson, Esq.*, for the petitioners, *J. M. Leinenkugal, Esq.*, for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith: Mrs. Lena Carter Carroll; A. L. Carter; Mrs. A. L. Carter; Mrs. E. A. Carter; Mrs. Lillie N. Carter; W. T. Carter, Jr.; Frank Haywood Nelms; Mrs. Frank Haywood Nelms; R. D. Randolph; Mrs. Frankie Carter Randolph; Mrs. Jessie Carter Taylor; Judson L. Taylor; A. L. Carter, Administrator of the Estate of Maude H. Carter.

OPINION.

BLACK: There are two issues in this proceeding and petitioners state them in their brief as follows:

(1) Shall the petitioners, who were recipients of a gift on September 15, 1919, of an interest in the assets of the partnership of W. T. Carter and Bro., be denied a computation for depletion of the new partnership's timber which gives due consideration to the value of such timber on the day of the gift.

(2) Shall the petitioners each be denied the election to compute the tax on his or her share of partnership profits derived from the sale by a manufacturer of lumber (not a corporation) of timber which has been owned for more than two years, under the provisions of section 206(b), Act of 1921, and sections 208(b), Acts of 1924 and 1926.

It is contended by petitioners that there should be a revaluation of the timber assets of the new partnership as of the date of its organization, September 15, 1919, for depletion purposes in determining the distributive income of the respective partners. The respondent contends that no new basis was created for depletion purposes by the organization of the new partnership and that it remained as before. We agree with respondent in this contention.

In the case of *Henry Wilson*, 16 B. T. A. 1280, F. A. Wilson and Winfred T. Wilson had acquired by gift from their father on January 2, 1918, a $\frac{5}{32}$ interest in a partnership known as Wilson Brothers & Company, which on that date owned a large acreage of standing timber, together with logging railroads and equipment. The Board held that the new partnership was not entitled thereby to a new basis of depletion of its timber.

To the same effect is the case of *Alpin J. Cameron*, 8 B. T. A. 120, where a father made a gift of a $250,000 interest in a woolen mill to his son. It was contended that, so far as the son's interest was concerned, depreciation should be calculated upon the value of his interest in the depreciable assets of the partnership at the time of the gift. But the Board held to the contrary and denied taxpayer's contention. The *Cameron* case was before the Board again in 20 B. T. A. 305, and was decided in the same way as in the former case.

70

The latter case was affirmed in *Cameron* v. *Commissioner*, 56 Fed. (2d) 1021. These decisions are controlling here, and, under clause 10(b) of the stipulation of facts, the value of the timber for depletion purposes is $4.937 per thousand for pine and $3 per thousand for hardwood.

The remaining question is the claim by petitioners of the right to elect to have the profits derived from the sale of certain quantities of standing timber cut during the taxable years computed on the basis of capital net gain on a sale of capital assets under section 206(b) of the Revenue Act of 1921, and section 208(b) of the Revenue Acts of 1924 and 1926.

Petitioners contend that growing timber owned by the partnership of W. T. Carter & Bro. constituted capital assets, having been owned and held by the partnership for more than two years next prior to the years of sale, and come within the capital gain provisions of the applicable revenue act, while respondent claims that the timber sold was stock in trade, or was property held by W. T. Carter & Bro. primarily for sale in the course of its trade or business and was therefore excluded from the benefits of the capital gain provisions of the law.

The 13th clause of the stipulation of facts provides as follows: "W. T. Carter and Bro., a partnership, is and always has been engaged in the manufacture and sale of lumber at wholesale."

The deficiency for 1923 is governed by the Revenue Act of 1921 while those for 1924 and 1925 come within the provisions of the Revenue Acts of 1924 and 1926. The difference in the acts was stated by the Board in *Clinton Gilbert, Executor*, 20 B. T. A. 765, as follows:

"Capital assets" are defined by the Revenue Act of 1921 as follows:

Sec. 206. (a) That for the purpose of this title:

\* \* \* \* \* \* \*

(6) The term "capital assets" as used in this section means property acquired and held by the taxpayer for profit or investment for more than two years (whether or not connected with his trade or business), but does not include property held for the personal use or consumption of the taxpayer or his family, or stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year.

And by the Revenue Act of 1924 as follows:

Sec. 208. (a) For the purposes of this title—

\* \* \* \* \* \* \*

(8) The term "capital assets" means the property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business.

Under the 1921 Act property had to be "*acquired and held* by the taxpayer for investment or profit for more than two years (whether or not connected with his trade or business)," but under the 1924 Act the property merely had to be "held by the taxpayer for more than two years," without mention of whether it was held for investment or profit, before such property could be considered "capital assets." After having specifically provided that property held for two years would be considered capital assets, both acts expressly excluded property which would properly be included in a taxpayer's inventory if on hand at the close of the year. In addition, the 1921 Act excluded property held for the personal use or consumption of taxpayer or his family, while the 1924 Act excluded "property held * * * primarily for sale in the course of his trade or business."

Section 208(a)(8) of the Revenue Act of 1926 is substantially the same in its definition of capital assets as is section 208(a)(8) of the Revenue Act of 1924.

Property excluded by all three acts from capital assets includes "stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year."

Under the laws of Texas, where the owner of standing timber enters into a contract to sell it and the vendee agrees to cut, remove and pay for it as removed within a specified time, the title to the timber remains in the vendor until the timber is cut, removed and paid for. *Florence A. Foster*, 18 B. T. A. 819, affirmed on this point in 57 Fed. (2d) 516. It results that until so cut and removed the timber is part of the realty, and we have decided in a number of cases that real estate is not stock in trade and not properly included in an inventory. *Atlantic Coast Realty Co.*, 11 B. T. A. 416; *Albert F. Keeney*, 17 B. T. A. 560; *John M. Welch, Sr.*, 19 B. T. A. 394.

We think it clear that the standing timber of W. T. Carter and Bro., the partnership, was not a part of its stock in trade and was not property which it should properly include in its inventory. We hold, therefore, that as to the taxable year 1923, taxable under the 1921 Act, petitioners are entitled to have the gains derived from the sale of standing timber computed under the capital gain provisions of the 1921 Revenue Act. But this holding does not dispose of the taxable years 1924 and 1925, governed by the Revenue Acts of 1924 and 1926.

Both of these acts carry a provision which excludes, in addition to the exclusion carried in the 1921 Act, from the benefits of the capital gain provisions of the acts, property held by the taxpayer primarily for sale in the course of his trade or business. This provision manifestly broadens the exclusions found in the 1921 Act, referred to above. In construing the meaning of this provision the Board said, in *John M. Welch, Sr.*, 19 B. T. A. 394:

It may at once be admitted that real estate is not property to be included in the inventory. We so held in *Atlantic Coast Realty Co.*, 11 B. T. A. 416, and

*Albert F. Keeney*, 17 B. T. A. 560. As we see the problem presented by these proceedings, it is whether the real estate owned by the petitioner and sold partly during the taxable years and partly in prior taxable years constituted property held by the petitioner primarily for sale in the course of his trade or business. What connotation is to be given to this language of the taxing acts as applied to the instant proceedings?

We think that it means that where a person is engaged in business and in the conduct of that business sells property which is held for sale in the business, such person may not claim the benefit of the capital gains provision of the statute. The question here is whether the petitioner was engaged in a real estate business during the years 1924, 1925 and 1926. We think that he was. He was a member of a partnership which was actively engaged in a real estate business and which was selling and endeavoring to sell the property held by the petitioner. Clearly, he was engaged in the real estate business in which the partnership was engaged. But the evidence shows further that the petitioner had over a series of years subdivided different tracts of land and held the lots in such subdivisions for sale. We think, indeed, that as an individual the petitioner was engaged within the meaning of the statute in a real estate business.

There can be no question that the real estate owned by the petitioner was property within the meaning of section 208(a) (8) of the Revenue Acts of 1924 and 1926 and that the property was held primarily for sale. * * *

Undoubtedly any timber which the partnership of W. T. Carter and Bro. cut into lumber during the taxable years and sold as lumber, would be, under the above cited case and other cases of the Board, excluded from the capital gain provisions of the law. Petitioners do not contend otherwise. The business of the partnership was to cut timber and manufacture it into lumber and sell such lumber at wholesale. The lumber would be its " stock in trade," would be " property includable in its inventory," and would also be property " held primarily for sale." But we do not think we should hold, under the facts as they have been stipulated, that the standing timber of W. T. Carter and Bro. was property held by the partnership " primarily for sale in the course of its trade or business."

We have already pointed out that its trade or business was that of a wholesale lumber manufacturer and dealer and we believe it is reasonable to say that the ordinary course of manufacturers and sellers of lumber at wholesale is not to sell their standing timber, but to cut it themselves and manufacture it into lumber and sell the lumber. We hold that the standing timber owned by the partnership of W. T. Carter and Bro., and sold by it during the taxable years in the manner specified in the stipulation, was not property held by the partnership " primarily for sale in the course of its trade or business," and hence is not excluded from the capital gain provisions of the Revenue Acts of 1924 and 1926. On this issue we hold for petitioners.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

STERNHAGEN and MATTHEWS dissent on the second point.