22

PLANTERS GIN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46299.   Promulgated May 4, 1933.

*H. A. Mihills, C.P.A.*, for the petitioner.
*F. A. Schlosser, Esq.*, for the respondent.

## OPINION.

LANSDON: The single question here is whether the correct basis for computing allowances for depreciation of the physical assets used by the petitioner in its business in the taxable year is the cost of such property to the original partnership, or such basis reduced proportionately by the purchase of the Phillips interest by Wooten and J. W. Simmons at a cost to them which was less than the book value thereof in the amount of $62,985.06. While the records indicate that the advances made as set out in our findings of fact may have been loans, there is no proof that repayment except by distribution was contemplated or that the whole amount thereof was not represented in the assets of the partnership. Accordingly, though probably not material to any issue pleaded, we shall regard such advances as capital contributions.

On the record it is clear that the petitioner may use the basis for computing depreciation to which the partnership was entitled upon the reorganization which followed the acquisition of the Phillips interest by Wooten and J. W. Simmons. After the incorporation all the shareholders of the petitioner owned stock exactly in proportion to their several interests in the second or reorganized

partnership at June 29, 1925. In such circumstances it follows under the provisions of section 203 (b) (4) and 204 (a) (7)[1] of the Revenue Act of 1926 that the exchange of the partnership assets for the stock of the petitioner was a transaction which resulted in neither gain nor loss to the members of the partnership and that the petitioner, after incorporation, should use the basis for computing depreciation to which the partnership was entitled at the date of the transfer of its assets to the petitioner.

Under the laws of Texas, in the absence of any agreement to the contrary, the original four-party partnership was terminated some time in February 1924, when Phillips died. *Morris* v. *Owen*, 143 S.W. 227; *Stern* v. *Fenelon*, 24 S.W. (2d) 1111; *Johnson* v. *Smith*, 35 S.W. (2d) 798. The records disclose no agreement that such partnership was to continue regardless of the death or withdrawal of one or more members. It follows, therefore, that on February 24, 1924, the assets of the old partnership became distributable to the estate of Phillips and the three surviving partners in proportion to their respective interests and that either by agreement or operation of law a new partnership of which Wooten, J. W. Simmons and R. M. Simmons were members came into being. It was this new partnership which transferred the assets in question to the petitioner.

It has been held that partnership property belongs to the firm and not to the partners. *Sam H. Harris*, 11 B.T.A. 871; *Edward B. Archbald*, 27 B.T.A. 837. The cost of the assets with which a partnership begins business is the fair market value thereof at the date paid in. *Edward B. Archbald*, *supra*. The respondent has determined that the fair market value of the Phillips interest in the old partnership was fixed by the sale to Wooten and J. W. Simmons at an amount less by $62,985.06 than its book value at February 24, 1924, and has proportionally reduced the basis for computing depreciation on the whole body of physical assets acquired by petitioner upon incorporation. In our opinion this view must be accepted,

[1] [Sec. 203 (b) (4).] No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interests in the property prior to the exchange.

[Sec. 204 (a).] The basis for determining the gain or loss from the sale or other distribution of property acquired after February 28, 1913, shall be the cost of such property; except that—

\*     \*     \*     \*     \*     \*     \*

(7) If the property (other than stock or securities in a corporation a party to the reorganization) was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 80 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

since the petitioner has adduced no evidence of any other or different value.

On brief the petitioner relies on our decisions in *Alpin J. Cameron*, 8 B.T.A. 120; *Sam H. Harris, supra; Abe J. DeRoy et al., Executors*, 19 B.T.A. 452; *Henry Wilson*, 16 B.T.A. 1280; *J. J. Carroll*, 27 B.T.A. 65; and *Cameron v. Commissioner*, 56 Fed. (2d) 1021. In the *Cameron* case there was a gift by one partner of a part of his interest to his son, with resulting changes in distributable interests. This proceeding arose under the laws of Pennsylvania, which expressly provide that the " conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership." This rule governed our decision, which was affirmed in *Cameron v. Commissioner, supra*, except that we there held that the assets of a partnership are not the individual property of the members, who own only a distributable interest in the net worth thereof. The *Harris* case, *supra*, has no bearing on this issue here in controversy. The only question at issue in the *DeRoy* case related to the basis for reporting income of a partner after the termination of a partnership by the death of one of its members. In so far as it has any bearing on this proceeding it supports our conclusion set out above. In the *Wilson* case, *supra*, there was a controversy over the correct basis for computing profit and consequent distributable income from the sale of a part of the petitioner's assets. Two of the partners had acquired their interests by gift and the question was whether the cost of all the partnership assets should be adjusted to conform to value of the gift when made, which was different from the cost to the original partnership. In the *Carroll* case, *supra*, there is much the same situation, but the controversy relates to the basis for depleting natural resources, which is the same as that used for determining gain or loss from the sale of assets. In each case we held that entrance into the firm of new partners by gift to them of interests therein does not make it necessary to readjust the values of the whole body of assets for either of the purposes indicated. In neither case was there any specific transaction such as a sale of a part of the assets that had the effect of establishing a new market value. In our opinion all the cases cited are readily distinguishable from the instant proceeding and therefore can not be regarded as controlling the issue here.

Petitioner having abandoned its allegation that the respondent erroneously reduced the rate of depreciation on its gin building in the taxable year, it follows that the determination of the respondent thereto must be affirmed.

Reviewed by the Board.

*Decision will be entered for the respondent.*