## RINGLING BROS. AND BARNUM & BAILEY COMBINED SHOWS, Inc., v. WILKINSON.

### No. 11629.

Court of Civil Appeals of Texas. Dallas.
April 27, 1935.

Rehearing Denied May 25, 1935.

Bartlett, Thornton & Montgomery, of Dallas, for appellant.

C. F. Cusack, of Dallas, for appellee.

LOONEY, Justice.

B. K. Wilkinson sued Ringling Bros. and Barnum & Bailey Combined Shows, Inc., to recover damages for personal and property injuries sustained in a collision between the car in which plaintiff was riding and a wagon loaded with poles, belonging to defendant. The grounds of negligence alleged, in substance, were that, in violation of the Penal Code, defendant left its wagon parked at night on a public street in the city of Dallas, without displaying thereon lights; that it failed to park its wagon near the right side of the street, and permitted it to remain more than six feet from the right-hand curb; that it failed to give or to provide for the giving of proper warning of the presence of the wagon on the street at the time.

Following a general denial, defendant pleaded contributory negligence in the following respects: That at the time of the accident, plaintiff was in such a state of intoxication as not to be able to properly drive his car, and that this was a proximate cause; that he failed either to have his car properly equipped with headlights or to have them in good condition, which, in either case, would have enabled him to see the wagon in time to avoid the collision, and that such failure was a proximate cause; and that, at the time of the accident, plaintiff was operating his car at an unlawful speed, and that this was a proximate cause of the collision.

The case was tried to a jury, and their answers to all material issues being favorable to plaintiff, the court rendered judgment in his favor, from which defendant appealed.

 Defendant neither objected to the charge nor did it request the submission of any issues; the entire proceedings, from beginning to end, stand unassailed, with one exception, that is, defendant urges that the judgment should be set aside, because of an improper statement made by counsel for plaintiff in his closing argument. The statement objected to is a mere interrogatory phrase, in which, addressing the jury, he asked, "Don't you know that no one would leave a Masonic Lodge drinking?" the contention of defendant being that there was no evidence to justify the remark, that the same was prejudicial and constitutes reversible error. It is obvious that the only issue to which the remark could have been addressed was the ground of contributory negligence based upon the alleged intoxicated condition of plaintiff at the time of the accident. As before stated, there was no objection to the court's charge; the issue of contributory negligence, based on the intoxication of plaintiff, was neither submitted by the court, nor was its submission requested, hence under a plain provision of the statute the issue was waived (article 2190, R. S., as amended by Acts 1931, c. 78, § 1 [Vernon's Ann. Civ. St. art. 2190]), and being waived we are at a loss to understand how a remark, relevant alone to the waived issue, could have prejudiced the defendant.

 But if it can be correctly said that the remark of counsel was off the record and of a tendency to prejudice the jury in the consideration of the issue submitted, we are then confronted with the necessity of applying the rule that governs in such a situation. The rule requires counsel to confine his argument to the evidence adduced on the trial, and to the argument of opposing counsel. In case the rule is infracted in a manner calculated to injure the other side, the case will be reversed if, after considering all the circumstances, there lurks a reasonable doubt as to the harmful effect of the improper argument.

However, we do not accept the view of defendant that the language of plaintiff's counsel was unauthorized by evidence. We do not deem it necessary to detail the evidence, but our conclusion is that counsel was within the record in assuming that, at the time the collision occurred, plaintiff was returning from a Masonic Lodge meeting. Neither do we regard as unreasonable the deduction of counsel, implied in his statement to the jury, that plaintiff would not likely have attended the lodge meeting in an intoxicated condition, as such conduct, in our opinion, would have violated a well-recognized sense of propriety.

Counsel argues that the prejudicial effect of the statement is shown by the fact that, whereas plaintiff sued for only $160 damages to his automobile, the jury found a verdict in his favor for $200. The implication from this statement is not entirely accurate, as the jury was neither required to, nor did it, make a specific finding as to the amount of this damage. An issue was submitted, requiring the jury to find the market value of the car immediately before the collision, which they found to be $550; also an issue as to its market value immediately after the collision, which they found to be $350; the difference, of course, being $200, but the judgment allowed only $160, the amount sued for. As evidence supports these findings, and as their correctness is not questioned by defendant, we fail to find that this matter has any prejudicial significance.

Analyzing the verdict for $1,250 damages found by the jury in favor of plaintiff, counsel for defendant insists that $937.50 of the amount was awarded for physical and mental suffering, etc., the contention being that the amount is so excessive as to evidence the prejudicial effect of the argument.

We do not think the amount found by the jury is excessive, and, besides, the same is before us unchallenged by any assignment or proposition urged by defendant. The test of the harmful effect of the argument, even if considered improper, is whether it caused the jury to make incorrect findings. Did the argument have that effect? We do not think so. If it be conceded that the argument was off the record, yet, our opinion is that the jury was not prejudiced thereby or caused to make incorrect findings.

The only point to the contention that the argument of counsel was improper and prejudicial is that it caused the jury to render an incorrect verdict. As defendant urges no objection to the verdict, by implication, its correctness is admitted. In this situation, we do not think defendant is in a position to successfully contend that the argument was improper and prejudicial, for if we should so hold, necessarily the holding would be inconclusive and futile, as the result claimed to have been ·induced thereby, i. e. the verdict, upon which the judgment is based, is unassailed, and by implication stands approved by defendant.

So, we do not think the court below abused its discretion in overruling defendant's motion for a new trial [see Bowles v. Bryan, 247 S. W. 276; Smith v. Irwin (Tex. Civ. App.) 7 S.W.(2d) 926; Three States Tel. Co. v. Kirkwood (Tex. Civ. App.) 61 S.W.(2d) 568, 569]; hence, affirm the judgment.

Affirmed.