## HOUSTON LIFE INS. CO. v. DABBS.
### No. 10066.

Court of Civil Appeals of Texas. Galveston.
May 28, 1936.

Rehearing Denied June 18, 1936.

T. K. McElroy and A. D. Dyess, both of Houston (T. K. McElroy, of Houston, of counsel), for appellant.

Henderson & Copeland, of Houston, for appellee.

GRAVES, Justice.

Upon a jury's verdict on special issues, as well as upon its own conclusions upon the law and evidence, the trial court gave the appellee a $1,620 judgment against the appellant, pursuant to a certificate or contract of insurance that had been extant between them since the date of its issuance on May 10 of 1928, $1,000 of it being for the total disability indemnity provided for in the contract, the remaining $620 being for the 12 per cent. penalty and reasonable attorney's fees provided for in R.S. art. 4736, as amended by Acts 1931, c. 91, § 1 (Vernon's Ann.Civ.St. art. 4736), in the amounts of $120 for the penalty and $500 for the attorney's fee.

The record and the briefs of both sides are needlessly long, thereby imposing undue labor upon a court the normal grist to which from a very productive hinterland is far greater than the mental and physical limitations of any three-member body could ever currently dispose of; however, the appellant company's main contentions for reversal may be boiled down to these presentments, in substance:

(1) That it had been chartered and had conducted its business as a local mutual aid association under Vernon's Ann.Civ.St. art. 4875a—1 et seq., hence, under the express provisions of article 4875a—24 of that statute, it was exempt in any event from liability for the attorney's fees and statutory penalty so imposed upon it under article 4736, to which it was not amenable;

(2) That it at all times had conducted its business as such local mutual aid association in accordance with such article 4875a—1 et seq., also pursuant to R.S. art. 4859, and under its permits to conduct such a mutual aid business under assessments only against its members by virtue of permits for that purpose to it from the commissioner of life insurance of the state of Texas; that it had never so conducted its affairs as to lead either the appellee or any one else to believe that it was operating any other kind of business than such a mutual aid association, hence it was not amenable to any other statutes than those so invoked by it;

(3) That under the specific provisions of the contract between the parties herein sued upon, it was in no event liable to the appellee in any sum of money whatever, but was only bound to levy assessments against Group A of its members and pay the proceeds of the assessment to appellee, in an amount not to exceed $1,000;

(4) That the policy herein, under its clause providing therefor, had not become incontestable, because the insurance thereunder started anew in March of 1931 on account of a health warranty executed by the appellee on that date, hence one year thereafter had not elapsed before appellant's answer in this suit was filed;

(5) That the policy sued upon was invalid because in the application therefor, which is a part of the same, the appellee had untruthfully warranted that at that time he was in good health and neither under the care or treatment of any one for, nor was in fact suffering from, any ailment whatever;

(6) That the findings of the jury, wherein they determined that the appellee had been totally disabled from disease since September 15 of 1931, such total disability having begun on May 1 of 1931, that such total disability would continue during the remainder of his life, that his wife in his behalf had given notice of appellee's claim of disability prior to September 15 of 1931, that the appellee had been in good health at the time of his reinstatement on February 19, of 1931, and that a reasonable attorney's fee to the appellee herein was $500, were all without sufficient support in the evidence and should have been set aside;

(7) That even if appellant had violated the terms of article 4875a—1 et seq., under which it claimed to have been organized, by doing business outside of the territorial limitation therein specified, as the appellee charged, such violation did not make it amenable or subject to the penalties of the general insurance statutes of Texas, since the article 4875a—27 itself provides a penalty for such a violation, which is an action in the name of the state of Texas, through its Attorney General, for the forfeiture of the charter of the offending corporation, etc.;

(8) That the trial court erred in admitting the testimonies of the witnesses, Miss Berner, Mrs. Saladiner, and George F. Conant, to the general purport, respectively, as follows:

(a) That of Miss Berner as to the records of the Jefferson Davis Hospital, when it appeared that she had no personal knowledge of the matters stated therein, did not know who made the entries she was testifying to, nor who kept the records, nor whether such records had been correctly kept, and when the absence of the person who had kept them had not been accounted for;

(b) That of Mrs. Saladiner to the effect that she had observed the appellee since his illness, that is, since April 4, 1931, and that there is quite a bit of difference now in his physical appearance from what it was prior to April 20, 1931, and when the subject of such statements, the appellee himself, was then in attendance upon the court, and hence was available for observation direct by the jury;

(c) That of Mr. Conant, which was brought out on cross-examination by the appellee's counsel, tending to show that the address of himself the appellee had given the insurance company at the time he took out the policy involved should be the one where notices from it to him might be mailed was not his correct address, since the face of the insurance policy, together with the application therefor also, thus provided otherwise;

(9) That the court erred in refusing to permit Dr. Westmoreland to testify as to whether or not he would have recommended the appellee as an insurable risk for life insurance on May 10 of 1928, after having examined him during the preceding April following injuries the appellee had then sustained in an automobile accident, when Dr. Westmoreland as a duly qualified physician who made numerous physical examinations for life insurance companies, recommending the acceptance or rejection of applicants therefor, and having thus been familiar with appellee's condition at that time;

(10) That the appellant was not liable for the predetermined lump sum of $1,000, since the certificate sued upon merely bound it to pay such proceeds as were derived from an assessment against its members of $1 each, not to exceed a total of $1,000, when the evidence showed there were only 874 members in the assessable group, and hence the total that could have been raised in the manner agreed upon by the parties would not have exceeded $874;

(11) In no event was the appellant liable for the attorney's fees, the 12 per cent. penalty, and interest visited upon it as pursuant to article 4736, for its alleged failure to pay the disability claim within 30 days after demand therefor had been made, because in this instance the insured's contract with his attorneys was to allow them one-third of any recovery he might obtain from the appellant for the prosecution of this suit against it.

Subsidiarily to the enumerated contentions, it was further urged that the appellant's general demurrer should have been sustained, that none of the special issues upon which the verdict of the jury was returned should have been submitted, and that the appellant's request for a peremptory instruction in its favor should have been granted.

None of appellant's presentments, it is determined, pointed out reversible error; obviously, neither its general demurrer nor its special exceptions, of which its No. 7 is a type, are well taken, for these reasons:

■ The appellee's petition plainly stated a good cause of action against appellant whether it was operating merely as a local mutual aid association, as it asserted, or as a general life insurance company, as charged by the appellee, at least for the disability benefits he sought under the policy declared upon, irrespective of his further claims for statutory penalty and attorney's fees under article 4736. Chapman v. Head (Tex.Civ.App.) 5 S.W.(2d) 1001; Kampmann v. Rothwell (Tex.Civ. App.) 107 S.W. 120; 49 C.J. pp. 426, 427, § 538.

■ Special exception No. 7 (et id genus omne) merely set up affirmative matter de hors the record, that is, new facts under which it allegedly could not be amenable to article 4736, which amounted to only what is termed in our jurisprudence a "speaking demurrer," hence did not properly lie. 49 C.J. pp. 423, 424, § 536, footnote 65 on page 424; Petty v. McReynolds (Tex.Civ.App.) 157 S.W. 180; Kansas Life Ins. Co. v. First Bank (Tex.Civ.App.) 47 S.W.(2d) 675; State ex rel. Gentry v. Bray, 323 Mo. 562, 20 S.W.(2d) 56, 60.

Indeed, in so far as concerns the case made for a recovery of the maximum dis-

ability indemnity awarded, there seems to have been no effective defense made out, as against the jury's verdict and the court's presumed additional findings, whether or not the appellant in fact was a local mutual aid association or a regular general insurance company; it originally, under its name at that time as an association, apparently as a private enterprise of the same individuals who subsequently incorporated it under its present name, issued to the appellee this policy or certificate of insurance herein sued upon, and accepted the payment of the assessments made against him thereon up until the time such incorporation was had; this court has been unable to find any lack of support in the evidence for any one of the findings of the jury, or for such supplementary findings of the court itself, if any are needed, as are necessary to support the judgment rendered; it seems to us that plainly upon its face by its terms the policy was incontestable after one year, in the absence of any showing under the facts that the contingency under which it was to be contestable had occurred.

Neither did appellant make out its claim that the appellee had misrepresented his physical condition in any of the particulars in which it sought to invalidate the policy on that ground, so that, under the structural reaches of the cause as a whole, the only material question remaining is whether or not the record sustains the further award of the penalty and attorney's fees as under the application to this situation of article 4736.

Under his claimed liability against the appellant (under its then name of Houston Life Insurance Association) the appellee alleged that it, about December of 1929, ceased operating as an unincorporated local mutual aid association, merged with and incorporated itself under its present name of Houston Life Insurance Company, purportedly as a corporation organized under article 4875a—1 et seq.; but that immediately after such merger and new name, it ceased to operate its insurance business as a local mutual aid company in conformity with the laws, rules, and regulations covering such concerns, and began writing insurance outside of the territorial limitations prescribed by the statutes covering such local concerns, thereby becoming ineligible to the exemptions provided for in article 4875a—24 and becoming amenable and subject to the general laws, rules, and

regulations covering insurance companies proper, particularly to article 4736; that in its changed character and under its new name it assumed all the contracts, policies, and obligations of its predecessor association, including the one held, and herein sued upon by the appellee.

Not only did these stated pleadings of the appellee clearly tender the issue as to whether the appellant was operating as a general life, health, and accident insurance corporation, or as a local mutual aid insurance association, but he offered much evidence of probative force tending to support them; in reply thereto, the appellant especially pleaded that it had been chartered under the authority of article 4875a—1 et seq., that it was conducting its business as a local mutual aid association thereunder, and in consequence was entitled to all the benefits and exemptions provided by that statute, inclusive of the freedom from liability for the penalty and attorney's fees herein visited upon it, under article 4875a—24.

■ In this situation, it seems clear under our authorities that the burden rested upon appellant, having specifically so pleaded, to so prove: (1) That it was in fact a local mutual aid association existing pursuant to such article 4875a—1 et seq.; (2) that it had accepted the benefits of and had qualified to do business under that statute; and (3) that it was actually operating and conducting its business as such an association. These authorities are cited as supporting this conclusion: Fidelity Benefit Association v. Wylie (Tex.Civ. App.) 41 S.W.(2d) 727; Grand Lodge v. Prater (Tex.Civ.App.) 2 S.W.(2d) 500; The Praetorians v. Thompson (Tex.Civ. App.) 79 S.W.(2d) 886.

■ Since there is in this record a complete failure to make such a showing, the appellant in this instance is governed by the same statutes that applied to other life insurance companies generally, as is specifically held in the Thompson Case, last cited; moreover, the burden of making the proof thus wanting having been upon the appellant, in order that it might bring itself within the exemptions it affirmatively claimed from the general insurance laws, since it wholly failed to request the submission of any such question to the jury, not only must it be held to have waived that matter as a defense [R.S. art. 2190, as amended by Acts 1931, c. 78, § 1 (Vernon's Ann.Civ.St. art. 2190); Turner v.

Big Lake Oil Co. (Tex.Civ.App.) 62 S.W. (2d) 491; Ringling Bros. and Barnum & Bailey Combined Shows v. Wilkinson (Tex. Civ.App.) 83 S.W.(2d) 705; Grand Lodge v. Prater (Tex.Civ.App.) 2 S.W.(2d) 500; American Ins. Union v. Wylie (Tex.Civ. App.) 23 S.W.(2d) 491], but further, there being, as recited supra, sufficient supporting evidence therefor, the trial court will be deemed to have made the finding that it was not such a mutual aid association as it claimed, if that be thought essential to support the judgment rendered. Article 2190, supra; Stewart v. Byrne (Tex.Com. App.) 42 S.W.(2d) 234; International Travelers' Association v. Bettis (Tex.Civ. App.) 52 S.W.(2d) 1059; National Aid Life Ass'n v. Murphy (Tex.Civ.App.) 78 S.W.(2d) 223.

■ As already intimated, the policy involved provides on its face that it should be absolutely incontestable after one year from its date, wherefore the provisions in the application for it, to the effect that any misrepresentations as to the appellee's health would be ground for revoking the insurance, upon which appellant also relies, irrespective of whether or not the application in this instance was properly a part of the policy sued upon, which it does not seem to have been are plainly in direct conflict with and repugnant to this incontestable clause, hence they must, under our authorities, yield to it. 37 C.J. p. 540, § 276; Franklin Ins. Co. v. Villeneuve, 25 Tex.Civ.App. 356, 60 S.W. 1014; American Nat. Ins. Co. v. Briggs (Tex.Civ.App.) 156 S.W. 909.

■ Another of appellant's burdens, according to the holdings of our courts, even if it was a local mutual aid association, as claimed, was to both plead and prove facts reducing the appellee's recovery on this policy below the maximum amount provided for therein, and this it wholly failed to do, hence was liable for the maximum called for. American Citizens' Labor & Protective Inst. v. Bandy (Tex.Civ.App.) 2 S.W.(2d) 977; Amarillo Mut. Benev. Ass'n v. Franklin (Tex.Com. App.) 50 S.W.(2d) 264; Texas Mut. Life Ins. Ass'n v. Wilson (Tex.Civ.App.) 19 S.W.(2d) 591.

Furthermore, the evidence was sufficient, if indeed it did not compel, a finding to the effect that at the time appellant's liability accrued herein it had on hand and could have raised by assessments against the members of its Class A amply sufficient funds with which to pay the entire claim of $1,000 in favor of the appellee.

In so far as affects the attorney's fees allowed, aside from the previously stated conclusion that appellant had waived any right to claim exemption therefrom ·by its failure to have the controverted question of whether or not it was exempt as being a local mutual aid association submitted, there is no successful controversion of the jury's finding that $500 was a reasonable attorney's fee for the services rendered the appellee by his counsel in this instance; the issue submitting the inquiry was in proper form, the jury having been asked what was a reasonable attorney's fee in the circumstances to be allowed the appellee, not his attorneys, as and for his attorney's fees herein, and the evidence was amply sufficient to sustain the answer returned.

■ The evidence objections referred to, supra, are likewise thought to have been inept; as concerns the testimony given by the witness Jewel Berner about the records of the Jefferson Davis Hospital, it was a public institution subject to the provisions of the statutes of the state covering its creation, operation, and maintenance; it having been shown that the records the witness testified about were the original ones of that institution. made in the regular course of its conduct by the nurses, internes, and doctors serving it in such capacities at the time, that they were regularly kept as a part of the hospital's public records and were under the direct supervision of the witness herself, who was the record librarian of the hospital, the testimony was properly receivable. Vernon's Ann.Civ.St. art. 4437a; R.S. arts. 4477 (as amended [Vernon's Ann.Civ.St. art. 4477]), 4484, 4485; 22 C.J. pp. 801, 802, § 914; Dallas Coffee & Tea Co. v. Williams (Tex.Civ.App.) 45 S.W.(2d) 724; Lokey v. State (Tex.Civ.App.) 291 S.W. 966; Shaw v. American Ins. Union (Mo. App.) 33 S.W.(2d) 1052.

■ Mrs. Saladiner was merely permitted to testify that there was a difference between appellee's physical appearance at the time of the trial and what it had been prior to April 20 of 1931, she having had occasion to observe his appearance over a long period of time, inclusive of those dates, especially as affected his physical condition during that long period; in the circumstances, this opinion of hers was clearly ·admissible.

19 Texas Jurisprudence, pp. 354–357, § 231; Duerler Mfg. Co. v. Eichhorn, 44 Tex.Civ.App. 638, 99 S.W. 715. Furthermore, on cross-examination of her appellant's counsel elicited and caused the witness to repeat the same testimony, hence waived the objection he made otherwise thereto. Johnson v. Smith (Tex.Civ.App.) 35 S.W.(2d) 798; St. Mary's Oil Engine Co. v. Allen-Morrow Co. (Tex.Civ.App.) 20 S.W.(2d) 266.

The trial court merely permitted appellee's counsel on cross-examination to ask the witness Conant in detail as to the matters he had testified about in behalf of appellant on his direct examination, he having especially testified that he had mailed an assessment notice to the appellee on August 27 of 1931 at an address on Virginia street, and that this assessment had not been paid on the date specified on the notice, etc.; on cross-examination, after appellee's counsel had asked him if this Virginia street address had not apparently been his correct address in September of 1931, the witness had replied he did not know, and he was further asked whether he had anything in court in his records showing what had been the appellee's correct address, whereupon appellant made the objection here presented by it, which the trial court overruled; there seems to this court to be nothing in the point so attempted to be made, the only objection having been that the correct address did not make any difference, that the last address which the appellant's office had was the only material one. 70 C.J. pp. 611, 612, 619, 620, § 779 and § 792.

These conclusions require an affirmance of the trial court's judgment; it will accordingly be so ordered.

Affirmed.